NITIN GAMBHIR (SBN 259906)
ngambhir@polsinelli.com
POLSINELLI LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
T:  650-461-7700
F:  650-461-7701

DANIEL D. OWEN (*Admitted Pro Hac Vice*)
dowen@polsinelli.com
GABE ZOROGASTUA (*Admitted Pro Hac Vice*)
gzorogastua@polsinelli.com
POLSINELLI PC
900 w. 48TH Place, Ste. 900
Kansas City, MO 64112
T:  816-753-1000
F:  816-753-1536

Attorneys for Plaintiff
TEVRA BRANDS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| TEVRA BRANDS, LLC, | Case No. 3:19-cv-04312-BLF |
| Plaintiff, | **DECLARATION OF DANIEL D. OWEN IN SUPPORT OF PLAINTIFF TEVRA BRANDS, LLC'S OPPOSITION TO DEFENDANT BAYER HEALTHCARE LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| v. | |
| BAYER HEALTHCARE LLC, and BAYER ANIMAL HEALTH GmbH, and BAYER AG, | |
| Defendants. | Date:   February 27, 2020<br>Time:   9:00 a.m.<br>Ctrm:   3, 5TH Floor<br>Judge:  Honorable Beth Labson Freeman |

I, Daniel D. Owen, declare as follows:

I am an attorney admitted pro hac vice to practice before this Court. I am a principal with the law firm of Polsinelli PC, attorney of record for Plaintiff Tevra Brands, LLC ("Tevra") in this action. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

I respectfully submit this declaration in support of Plaintiff's Opposition to Defendant Bayer Healthcare, LLC's ("Bayer") Motion to Dismiss for Failure to State a Claim, filed concurrently herewith.

1.      Tevra and its counsel have never seen, and have never possessed, any documents from Bayer like those described at pp. 14-15 of Bayer's Motion to Dismiss ("Motion"). (Dkt. 25).

2.      Tevra's Complaint does not reference, describe, or rely upon any document from Bayer like those described at pp. 14-15 of Bayer's Motion.

3.      In the Complaint, Tevra describes Bayer's Secret Bundled Loyalty Rebate Scheme by piecing together fragmentary descriptions of the rebate program and its effects from the statements of six retailers, which are set forth in the Complaint in paragraphs 92-107. Although Tevra's Complaint clearly describes the anti-competitive effects of Bayer's Secret Bundled Loyalty Rebate Scheme, Tevra could not describe the exact details of the rebate program, its terms and conditions, or how the rebate program was carried out. Tevra's Complaint states:

> 91. . . . the exact details of the rebate program are in the possession and control of defendant BAH, and Tevra can only describe BAH's Secret Bundled Loyalty Rebate upon information and belief, based on the facts that it has learned from retailers, as set forth below.

-1-

DECL OF DANIEL D. OWEN ISO OPP. TO
BAYER'S MOTION TO DISMISS
CASE NO. 3:19-cv-04312-BLF

114.  BAH forced retailers to keep the details of its Bundled Loyalty Rebate scheme secret, so that no competitor could bid against BAH on a head-to-head basis.

115.  In their attempts to overcome the barrier created by BAH's Secret Bundled Loyalty Rebate, Tevra and other generic makers are in the difficult position of having to infer the terms and conditions of the BAH rebate scheme from the limited information they can glean from retailers.

4.      Until Tevra has conducted extensive discovery, it cannot know whether Bayer's rebate scheme was conducted in writing, verbally, by conduct, or by a combination of the three.

5.      Until Tevra has conducted extensive discovery, it cannot know whether any document that Bayer might attach to its Motion to Dismiss is authentic or not.

6.      Until Tevra has conducted extensive discovery, it cannot know whether any document that Bayer might attach to its Motion to Dismiss truly describes the actual rebate scheme, or whether it was simply intended to create "cover" or "plausible deniability" for the real rebate scheme.

7.      Until Tevra has conducted extensive discovery, it cannot know whether any document that Bayer might attach to its Motion to Dismiss describes *all* the operative terms and conditions that might have applied to Bayer's rebate scheme in the years described in the Complaint, including those established by verbal agreement, by industry custom, or by course of dealing.

8.      Until Tevra has conducted extensive discovery, it cannot know whether the written provisions of any document that Bayer might attach to its Motion to Dismiss were actually carried out, or whether they were ignored in favor of a different rebate scheme carried out verbally, or by tacit conduct of the parties.

9.      Until Tevra has conducted extensive discovery, Tevra cannot know the economic impact of the rebate scheme on retailers, on customers, and on Bayer's competitors.  To

-2-

understand this economic impact, Tevra will seek discovery of numerous facts known only to Bayer, including details about all payments made by Bayer pursuant to its rebate scheme, communications about the implementation of the rebate scheme, sales and margin figures for products impacted by the rebate scheme, and the competitive strategy and business rationale behind Bayer's rebate scheme. Tevra will also seek documents and testimony from third parties (including impacted retailers) reflecting the economic impact of Bayer's rebate scheme. Finally, expert testimony from an economist or industry expert may be necessary to aid the Court in understanding the economic impact of Bayer's rebate scheme in the context of other conduct by Bayer that may have served to protect and preserve Bayer's monopoly in the market for topical Imidacloprid.

10. The extensive discovery described above will be needed before Tevra can prevent facts essential to justify its opposition to Bayer's Motion to Dismiss.

11. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this declaration was made this 25th day of October, 2019 in Kansas City, Missouri.

By: /s/ _Daniel Owen_

Daniel Owen

DECL OF DANIEL D. OWEN ISO OPP. TO
BAYER'S MOTION TO DISMISS
CASE NO. 3:19-cv-04312-BLF