UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVRA BRANDS LLC,<br>　　　　Plaintiff,<br>　v.<br>BAYER HEALTHCARE LLC, et al.,<br>　　　　Defendants. | Case No. 19-cv-04312-BLF (VKD)<br><br>**ORDER RE DISPUTE RE ENTRY OF PROTECTIVE ORDER**<br><br>Re: Dkt. No. 39 |

The parties ask the Court to resolve their dispute about when a protective order should be entered in this case. Dkt. No. 39.

The parties agree on the content of the proposed protective order, which is modeled on the Northern District of California's model protective order for litigation involving patents, highly sensitive confidential information and/or trade secrets. Dkt. No. 39-1. Defendant Bayer Healthcare LLC ("Bayer") asks for entry of the proposed protective order now because it wishes to produce certain documents it considers confidential to plaintiff Tevra Brands LLC ("Tevra") and to ask the presiding judge to take judicial notice of those documents in connection with Bayer's pending motion to dismiss. Tevra has indicated that it will treat any such documents as non-confidential, public documents in the absence of a Court order requiring that they be maintained in confidence. However, Tevra objects to entry of such an order because, it says, this will serve to facilitate Bayer's efforts to use the documents in question to support Bayer's motion to dismiss, to which Tevra objects. Tevra argues that a protective order should not enter until discovery commences.

The Court will enter the agreed protective order, with modifications reflecting the magistrate judge's dispute resolution procedures. There is no good cause to delay the entry of a

protective order which both parties agree will be needed if this case proceeds. Entry of a protective order does not decide the question of whether the presiding judge will take judicial notice of any particular document, nor does it decide the question of whether any such document may be filed under seal pursuant to the Court's Local Rule 79-5. Entry of a protective *will* prevent any party from disclosing publicly any documents or information designated confidential under that order by another party, unless that designation is challenged and the Court orders otherwise. As Tevra has stated its intention to treat as public documents Bayer considers confidential in the absence of a protective order, entry of such an order is warranted at this time.

**IT IS SO ORDERED.**

Dated: October 31, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge