PAGES 1 - 25

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE BETH LABSON FREEMAN

TEVRA BRANDS, LLC,                    )
                                      )
            PLAINTIFF,                )
                                      )
  VS.                                 ) NO. 19-CV-04312-BLF
                                      )
BAYER HEALTHCARE LLC, AND             )
BAYER ANIMAL HEALTH GMBH, AND         )
BAYER AG,                             )  SAN JOSE, CALIFORNIA
                                      )
            DEFENDANTS.               )  TUESDAY
                                      )  DECEMBER 10, 2019
_____  )


**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING  1:41 P.M. - 2:13 P.M.**

**APPEARANCES:**

**FOR PLAINTIFF**              POLSINELLI, PC
                               900 W. 48TH PLACE, SUITE 900
                               KANSAS CITY, MISSOURI 64112
                          **BY:  DANIEL D. OWEN, ESQUIRE**


                               POLSINELLI PC
                               1401 EYE STREET NW, SUITE 800
                               WASHINGTON, DC 20005
                          **BY:  ALEXA R. DICUNZOLO, ESQUIRE**


**FOR DEFENDANTS**             ARNOLD & PORTER KAYE SCHOLER LLP
                               THREE EMBARCADERO CENTER, 10TH FLOOR
                               SAN FRANCISCO, CALIFORNIA 94111
                          **BY:  DANIEL B. ASIMOW, ESQUIRE**

***TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR***
***                 RETIRED OFFICIAL COURT REPORTER, USDC***

1    TUESDAY, DECEMBER 11, 2019                    1:41 P.M.

2    (TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSELS' FAILURE TO

3    IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER

4    ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)

5                        ---O0O---

6                    ELECTRONIC PROCEEDINGS

7            **THE CLERK:**  CALLING CASE 19-4312, TEVRA BRANDS VERSUS

8    BAYER HEALTHCARE, ET AL.

9            COUNSEL, PLEASE STATE YOUR APPEARANCES FOR THE

10   RECORD.

11           **MR. ASIMOW:**  GOOD AFTERNOON, YOUR HONOR.  DANIEL

12   ASIMOW FOR DEFENDANT BAYER HEALTHCARE, LLC.

13           **MR. OWEN:**  GOOD AFTERNOON, YOUR HONOR.  DAN OWEN OF

14   THE POLSINELLI FIRM, THE KANSAS CITY OFFICE.  I'M ASSISTED

15   TODAY BY ALEXA DICUNZOLO FROM OUR WASHINGTON D.C. OFFICE.

16           **THE COURT:**  OH, WELL, THANK YOU BOTH FOR TRAVELING.

17   I HOPE YOU DIDN'T HAVE ANY DIFFICULTY.

18           **MR. OWEN:**  NO, NO.  THE WEATHER WAS FINE --

19           **THE COURT:**  GOOD.

20           **MR. OWEN:**  AND WE'VE OBVIOUSLY NOT BEEN BEFORE YOUR

21   HONOR BEFORE.

22           **THE COURT:**  THAT'S RIGHT.

23           **MR. OWEN:**  AND ALTHOUGH THE COURT WAS KIND ENOUGH TO

24   ALLOW US TO PROCEED TELEPHONICALLY, WE THOUGHT WE OUGHT TO COME

25   OUT AND FIND OUR WAY TO SAN JOSE.

 1            **THE COURT:**  WELL, THANK YOU.  I DO APPRECIATE THAT.

 2    SINCE THE WEATHER COOPERATED, YOU'LL BE -- YOU WON'T BE

 3    RELUCTANT TO COME BACK.

 4            ALL RIGHT.  THIS IS OUR INITIAL CASE MANAGEMENT

 5    CONFERENCE.  I CERTAINLY RECOGNIZE THAT IN FEBRUARY WE HAVE A

 6    MOTION TO DISMISS PENDING, BUT I THINK IT PROBABLY IS A GOOD

 7    IDEA TO SEE WHERE WE'RE GOING IN THE CASE AND TRY TO BRING SOME

 8    ORDER TO IT.

 9            I KNOW THAT THERE'S A REQUEST FOR A DISCOVERY STAY

10    PENDING THE MOTION TO DISMISS.  WE CAN CHAT ABOUT THAT.

11            BUT I WAS FIRST INTERESTED IN THE STATUS OF SERVICE

12    OF THE DEFENDANTS WHO ARE NOT LOCATED IN THE UNITED STATES.

13    AND, MR. ASIMOW, YOU MAY HAVE SUGGESTED IN THE STATEMENT THAT

14    THERE'S SOME DISCUSSION ABOUT WHETHER THOSE PARTIES WILL REMAIN

15    PARTIES IN THE CASE.

16            SO, MR. OWEN, WHAT CAN YOU TELL ME ABOUT THAT?

17            **MR. OWEN:**  YOUR HONOR, WE'VE INITIATED PROCEEDINGS TO

18    HAVE THEM SERVED.  THE PLEADINGS WERE TRANSLATED.

19            **THE COURT:**  OH, GOSH.

20            **MR. OWEN:**  TRANSMITTED TO THE CENTRAL AUTHORITY IN

21    GERMANY, WHICH TURNS OUT TO BE A NIGHTMARE.

22            **THE COURT:**  YEP.

23            **MR. OWEN:**  THERE WAS SOMETHING WRONG ON THE COVER

24    SHEET.  WE HAD TO SEND THE STUFF AGAIN AND WHEREIN PROBABLY WAS

25    A FOUR TO FIVE-MONTH PROCESS THAT BEGAN IN SEPTEMBER.

1          **THE COURT:**  OKAY.

2          **MR. OWEN:**  WE HAVE NO DESIRE TO HAVE EXTRANEOUS

3     PARTIES IN THIS CASE AS LONG AS TWO THINGS ARE SATISFIED.  ONE,

4     THAT WE CAN GET DISCOVERY WE NEED, SOME OF WHICH MAY COME FROM

5     GERMANY.

6          **THE COURT:**  SURE.

7          **MR. OWEN:**  SPECIFICALLY FROM A COMPANY CALLED BAYER

8     ANIMAL HEALTH.  THAT'S A GERMAN COMPANY THAT APPARENTLY OWNS

9     SOME OF THE INTELLECTUAL PROPERTY AND SOMEHOW GUIDES THE ANIMAL

10    HEALTH OPERATIONS IN THIS COUNTRY, EVEN THOUGH THE DOMESTIC

11    DEFENDANT IS CALLED BAYER HEALTHCARE; IT'S A NEW JERSEY, LLC.

12          SO WE HAVE NO DESIRE TO HAVE EXTRANEOUS PARTIES, BUT

13    WE'VE GOT TO MAKE SURE WE GET DISCOVERY WE NEED AND WE ALSO

14    NEED TO MAKE SURE THAT ANY JUDGMENT RENDERED COULD BE

15    SATISFIED.

16          NOW, AM I CRAZY FOR SAYING THAT?  WE'RE TALKING ABOUT

17    BAYER HERE.  IT'S A 35 BILLION DOLLAR OR 45 BILLION DOLLAR

18    COMPANY, NATION -- WORLDWIDE, 90 COUNTRIES.  WHY WOULD I BE

19    SATISFYING A JUDGMENT?  BECAUSE THE DEFENDANT, THE DOMESTIC

20    DEFENDANT, BAYER HEALTHCARE, LLC, WHICH, AGAIN, IS A DOMESTIC

21    LIMITED LIABILITY COMPANY, IS SELLING ITS ENTIRE BAYER ANIMAL

22    HEALTH OPERATION.

23          **THE COURT:**  OH.

24          **MR. OWEN:**  THEY'RE SELLING IT TO ANOTHER ANIMAL

25    PHARMACEUTICAL COMPANY CALLED ELANCO.  THE SALE'S BEEN WIDELY

| | |
|---|---|
| 1 | DISCUSSED IN THE WALL STREET JOURNAL AND OTHER PLACES, AND IT |
| 2 | IS DUE TO CLOSE NEXT SUMMER. |
| 3 | WE DON'T KNOW THE TERMS OF IT, OF COURSE.  WE HAVEN'T |
| 4 | SEEN IT.  BUT IT WOULD BE A DISASTER FOR US IF WE GOT A |
| 5 | JUDGMENT AGAINST A COMPANY THAT TURNED OUT TO BE AN EMPTY SHELL |
| 6 | OVER HERE AND WE HAD NOT ACQUIRED JURISDICTION OVER THE GERMAN |
| 7 | PARENT. |
| 8 | THERE IS ONE GERMAN PARENT, OVER 400 DIFFERENT BAYER |
| 9 | CORPORATIONS.  THAT'S BAYER AG, ONE GERMAN PARENT.  AND, OF |
| 10 | COURSE, WE DON'T KNOW HOW THE MONEY FLOWS OR WHO OWNS WHAT |
| 11 | ASSETS. |
| 12 | SO FOR NOT ONLY DISCOVERY'S SAKE, BUT FOR THE |
| 13 | SATISFACTION OF JUDGMENT SAKE, WE'RE PROCEEDING WITH THE |
| 14 | SERVICE OF THE GERMAN DEFENDANT. |
| 15 | MY COLLEAGUE, MR. ASIMOW, HAS GENEROUSLY OFFERED TO |
| 16 | GIVE ASSURANCES THAT THERE WILL BE SOLVENT DEFENDANTS IN THIS |
| 17 | COUNTRY AGAINST WHICH ANY JUDGMENT COULD BE SATISFIED; HOWEVER, |
| 18 | IT'S A LITTLE MORE COMPLICATED TO COME TO SOME AGREEMENT ON |
| 19 | DISCOVERY. |
| 20 | SO BECAUSE (INDISCERNIBLE) INVOLVED, WE WENT AHEAD |
| 21 | AND SERVED THEM, BUT WE'RE CERTAINLY OPEN TO LEAVING THEM OUT |
| 22 | OF THIS CASE IF THOSE TWO IMPERATIVES CAN BE SATISFIED. |
| 23 | **THE COURT:**  ALL RIGHT.  MR. ASIMOV. |
| 24 | **MR. ASIMOW:**  I APOLOGIZE FOR THE COUGH, YOUR HONOR. |
| 25 | **THE COURT:**  IT'S OKAY. |

1          **MR. ASIMOW:**  I THINK MR. OWEN'S SUMMARY OF WHERE WE

2   STAND IS LARGELY ACCURATE.  TWO FOREIGN ENTITIES HAVE NOT BEEN

3   SERVED.

4          MY INSTRUCTIONS ARE THAT IF THEY ARE SERVED, I AM TO

5   MOVE TO DISMISS FOR LACK OF PERSONAL JURISDICTION BECAUSE THEY

6   DON'T DO BUSINESS IN THE UNITED STATES.  AND, OF COURSE, I'M

7   ONLY APPEARING TODAY FOR THE DOMESTIC ENTITY THAT HAS BEEN

8   SERVED.

9          **THE COURT:**  RIGHT.

10          **MR. ASIMOW:**  I WOULD LIKE TO SAVE US ALL THE TROUBLE

11   OF THOSE MOTIONS, SO I'M CERTAINLY OPEN TO REACHING SOME TYPE

12   OF ACCOMMODATION WITH MR. OWEN ABOUT THESE TWO CONCERNS THAT WE

13   HAVE RAISED WITH RESPECT TO THE ABILITY OF BAYER HEALTHCARE LLC

14   TO SATISFY A JUDGMENT.  IT IS EASILY A MULTI-BILLION DOLLAR

15   INDUSTRY WHICH, AS I UNDERSTAND IT, ESSENTIALLY ALL OF BAYER

16   U.S. BUSINESS FLOWS.

17          SO I DON'T THINK THAT'S A CONCERN.

18          **THE COURT:**  SO THE PROPOSED SALE IS NOT OF BAYER

19   HEALTHCARE, LLC, BUT ONLY A PARTICULAR DIVISION WITHIN IT?

20          **MR. ASIMOW:**  ITS ASSETS, AS I UNDERSTAND IT.  I DON'T

21   KNOW HOW IT WILL LINE UP WITH PARTICULAR CORPORATE ENTITIES,

22   BUT IT'S THE ANIMAL HEALTH BUSINESS.  THERE IS AN AGREEMENT TO

23   SELL THAT TO A COMPANY CALLED ELANCO, E-L-A-N-C-O, AND WE DON'T

24   KNOW WHEN THAT -- I THINK THE ESTIMATES ARE THAT WILL BE

25   SOMETIME IN THE MIDDLE OF NEXT YEAR BUT IT'S UNDER REVIEW BY

1    (INDISCERNIBLE) AUTHORITIES, SO WE DON'T KNOW WHEN THAT WILL

2    HAPPEN.

3          **THE COURT:**  OKAY.

4          WELL, IT'S INTERESTING, THOUGH.  MR. OWEN SUGGESTS

5    THAT DISCOVERY ISSUES ARE MORE THORNY FOR WORKING OUT THAN THIS

6    ISSUE OF -- I WOULD HAVE EXPECTED THE OTHER WAY AROUND.  I

7    DON'T -- YOU KNOW, WE CAN DIVE INTO THOSE COMPLICATED PERSONAL

8    JURISDICTION ISSUES WHICH WILL INEVITABLY CAUSE MR. OWEN TO ASK

9    FOR JURISDICTIONAL DISCOVERY.

10          IN FACT, I WOULD HOPE THAT IF THOSE FOREIGN ENTITIES

11    ARE SERVED AND IN YOUR CONVERSATIONS IT APPEARS CLEAR THAT

12    DISCOVERY WILL BE NEEDED, THAT YOU TRY TO WORK OUT A DISCOVERY

13    PLAN IN ADVANCE OF THE FIRST MOTION, BECAUSE YOU'LL SPEND A

14    YEAR TRYING TO WORK OUT PERSONAL JURISDICTION BY THE TIME I

15    HEAR A MOTION AND GET OUT AN ORDER, AND THEN YOU START THE

16    DISCOVERY, AND THEN I HEAR A SECOND MOTION.  SO I'M GOING TO

17    SUGGEST IN A CASE LIKE THIS PERHAPS WE CAN DO IT ONCE.

18          OBVIOUSLY WHEN THE OPENING BRIEF IS FILED, MR. OWEN

19    MAY REALIZE HE NEEDS SOME ADDITIONAL DISCOVERY, AND I WOULD

20    AGAIN URGE YOU TO WORK THAT OUT AND EXTEND THE BRIEFING

21    SCHEDULE.

22          THERE ARE LOTS OF THINGS WE CAN DO TO MAKE IT MORE

23    EFFICIENT WITHOUT ANYONE GIVING UP ANY OF THEIR RIGHTS TO HAVE

24    THE MATTER HEARD.  IF THERE'S A -- IF YOUR CLIENT COMPLETELY --

25    IS COMPLETELY OPPOSED TO JURISDICTIONAL DISCOVERY, THAT'S

1  ANOTHER MATTER.  BUT WE CAN PROBABLY HANDLE THAT IN FURTHER

2  CASE MANAGEMENT CONFERENCE AND DECIDE WHETHER WE REALLY NEED A

3  MOTION ON THAT OR NOT.  IT'S A SUGGESTION, AND WE MAY BE A LONG

4  WAY FROM THERE.  I'M NOT SURE.

5        **MR. ASIMOW:**  I THINK WE PROBABLY ARE A WAYS FROM

6  THAT.  THE MOTION TO DISMISS WE FILED AS A SUBSTANTIVE MOTION.

7        **THE COURT:**  SURE.

8        **MR. ASIMOW:**  (INDISCERNIBLE) IF THAT WERE GRANTED,

9  THE LOGIC OF IT WOULD APPLY TO OTHER DEFENDANTS --

10        **THE COURT:**  OF COURSE.

11        **MR. ASIMOW:**  -- AND THAT WOULD WRAP UP THE CASE.

12  WHAT I'VE SUGGESTED IS THAT IF PLAINTIFF IS ABLE TO PERFECT

13  SERVICE, I ALSO DON'T KNOW HOW LONG THAT WILL TAKE --

14        **THE COURT:**  IT TAKES A LONG TIME.

15        (SIMULTANEOUS COLLOQUY.)

16        **MR. ASIMOW:**  (INDISCERNIBLE) TAKEN A LONG TIME SO

17  FAR, IS WE PROVIDE AN OPEN-ENDED EXTENSION FOR THE FOREIGN

18  ENTITIES TO ANSWER --

19        **THE COURT:**  OKAY.

20        **MR. ASIMOW:**  -- SO WE CAN SEE WHERE WE ARE ON THE

21  MOTION TO DISMISS, TO SEE IF WE CAN HAVE A CASE HERE THAT IS --

22        **THE COURT:**  ALL RIGHT.

23        **MR. ASIMOW:**  -- GOING TO PROCEED TO MERITS DISCOVERY.

24        **THE COURT:**  OKAY.  THAT MAKES SENSE.  I CONTINUE TO

25  BE FRUSTRATED WITH THE DIFFICULTIES IN PERFECTING INTERNATIONAL

1    SERVICE.  AND WE'RE TALKING ABOUT GERMANY.  WE'RE NOT TALKING

2    ABOUT THE COUNTRIES THAT THE U.S. DOESN'T HAVE DIPLOMATIC

3    RELATIONSHIPS WITH.  BUT THIS STORY IS WHAT I HEAR OVER AND

4    OVER, AND I'M SURE FOR YOU, YOU HAVE TO DEAL WITH IT SO MUCH

5    MORE.

6            BUT WE'LL JUST HAVE TO WAIT.  THERE'S NO LIMITATION

7    ON -- THERE'S NO TIME LIMIT ON -- UNDER RULE FOUR FOR THE

8    INTERNATIONAL SERVICE, SO WE HAVE NO PROBLEM THERE.  BUT WE'LL

9    JUST HAVE TO SEE WHAT -- WHAT WE HAVE.

10           LET'S -- OKAY.  SO I THINK I UNDERSTAND THAT.  I

11   APPRECIATE THAT.

12           THERE IS A REQUEST FOR A DISCOVERY STAY PENDING THE

13   MOTION TO DISMISS.  I TYPICALLY WOULD NOT DO THAT.  I ONLY

14   LOOKED AT THE MOTION AT THE VERY HIGHEST LEVEL.  AND AS IS

15   TYPICAL WITH CASES LIKE THIS, THE MOST -- THE MOST YOU COULD

16   EXPECT, MR. ASIMOW, IS MY GIVING LEAVE TO AMEND AT LEAST ONCE.

17   IN THE NINTH CIRCUIT I THINK IT'S NOT FAVORED.  I'M NOT EVEN

18   SUGGESTING THERE'S ANYTHING WRONG WITH THE COMPLAINT, BUT THE

19   CASE WON'T BE OVER.  I CAN'T IMAGINE SOMETHING THAT IS NOT

20   AMENABLE TO AT LEAST ONE TRY.  SO WE'VE GOT A LONG ROAD AHEAD

21   OF US JUST GETTING THE PLEADINGS SQUARED AWAY.  SO A DISCOVERY

22   STAY IS -- COULD GO ON FOR AN AWFULLY LONG TIME.

23           IS THIS MOTION FULLY BRIEFED?

24           **MR. ASIMOW:**  YES, IT IS, YOUR HONOR.

25           **THE COURT:**  OKAY, OKAY.  AND IT'S NOT -- IT'S SET FOR

1    FEBRUARY 27.  IT'S REALLY QUITE A WAYS OUT.

2            MR. OWEN, YOUR VIEW ON THE REQUEST FOR DISCOVERY

3    STAY?

4            **MR. OWEN:**  I'M SORRY, YOUR HONOR?

5            **THE COURT:**  YOUR VIEW ON A REQUEST FOR DISCOVERY

6    STAY.

7            **MR. OWEN:**  YEAH, MAY I SPEAK TO THAT FOR JUST A

8    MOMENT.

9            **THE COURT:**  YES, PLEASE.

10           **MR. OWEN:**  THE REQUEST FOR A DISCOVERY STAY NEEDS TO

11   BE TAKEN INTO CONTEXT OF WHAT THIS CASE IS NOT.  IT'S NOT A

12   CLASS ACTION.  IT'S A COMPETITOR ACTION WITH JUST TWO PARTIES.

13   IT INVOLVES A VERY LIMITED PERIOD OF TIME.  AS YOU'LL SEE IN

14   THE COMPLAINT, TEVRA ONLY CAME INTO EXISTENCE IN 2016, REALLY,

15   AND ONLY STARTED REALLY WORKING, DOING BUSINESS IN 2017.  SO

16   LIMITED PERIOD OF TIME.

17           WE'RE A SMALL COMPANY.  WE'RE 14 PEOPLE.  WE'RE NOT

18   TALKING ABOUT A LOT OF DISCOVERY ON OUR PART.

19           AND THE SUBJECT MATTER IS VERY LIMITED -- IT IS ONE

20   DRUG CALLED IMIDACLOPRIN -- IMIDACLOPRID.  EVEN I'M STILL

21   MISPRONOUNCING IT.

22           **THE COURT:**  I DIDN'T EVEN TRY.

23           **MR. OWEN:**  IT'S ONE DRUG.  AND THE BURDENS OF

24   DISCOVERY IN THIS CASE ARE ABSOLUTELY NOTHING LIKE THEY WOULD

25   BE IN A CLASS ACTION CASE.

1    THE BIGGEST -- THE BIGGEST THING I WOULD URGE THE

2    COURT TO DO REGARDING THE DISCOVERY STAY IS GIVE THIS CASE THE

3    SMELL TEST.  IS -- DOES THIS LOOK LIKE A "THROW IT AT THE WALL

4    AND SEE IF IT STICKS" KIND OF CASE; DO THE LITIGANTS HERE AND

5    THEIR COUNSEL SEEM LIKE THEY'RE INVOLVED IN KIND OF A BOTTOM

6    FEEDER, LET'S JUST GET SOMETHING ON FILE AND SETTLE IT.  IT'S

7    NOT THAT WAY.

8    IT'S A CLASSIC GENERIC VERSUS NAME BRAND WHERE THE

9    NAME BRAND HAS AN INCENTIVE TO KEEP THE GENERIC OUT OF THE

10   MARKET.  AND WE'VE GONE INTO UNUSUAL DETAIL -- SOME WOULD SAY

11   TOO MUCH DETAIL -- IN THE COMPLAINT.

12   WE'VE GIVEN THE COURT THINGS LIKE TABLES OF PRICES TO

13   DEMONSTRATE THE VIABILITY OF OUR MARKET DEFINITIONS.  WE'VE

14   GIVEN THE COURT A VERY UNUSUALLY DETAILED LIST OF CALCULATION

15   OF OUR DAMAGES SHOWING PROJECTIONS IN DIFFERENT MARKET.  ONE,

16   FIPRONIL, WHERE OUR PROJECTIONS WERE VERY ACCURATE, AND THE

17   OTHER IMIDACLOPRID THEY WERE VERY INACCURATE.  WE BELIEVE THE

18   DIFFERENCE IS THIS ILLEGAL REPEAT PROGRAM.  SO WE'VE GONE INTO

19   GREAT DETAIL.

20   IF YOU GIVE THIS THE SMELL TEST THAT IT IS NOT KIND

21   OF CASE THAT HAS JUST BEEN THROWN AGAINST WALL, AND THE ABILITY

22   TO GO FORWARD WITH DISCOVERY BEGINNING NOW, AT LEAST WRITTEN

23   DISCOVERY, AT LEAST LET'S GET A ROUND OF WRITTEN DISCOVERY

24   REQUESTS OUT, WILL EXPEDITE THE ULTIMATE CONCLUSION IN THIS

25   CASE.

1    WE'D ALSO ASK THE COURT TO CONSIDER THIS.  SOME CASES

2  ARE DISMISSED WITH PREJUDICE ON THE FIRST GO ROUND.  AGAIN, IF

3  YOU APPLY THE SMELL TEST, THIS SHOULDN'T BE ONE OF THEM.  EVEN

4  IF THERE WAS A DISMISSAL -- I'VE BEEN INVOLVED IN A NUMBER OF

5  CASES IN FRONT OF JUDGE ILLSTON, IN FRONT OF JUDGE GONZALEZ

6  ROGERS, IN THE CRT CASE THAT'S NOW WITH JUDGE TIGAR, ALL OF

7  THOSE CASES WERE DISMISSED WITH LEAVE TO AMEND, AND YET

8  DISCOVERY WENT FORWARD.

9         **THE COURT:**  YEAH.

10        **MR. OWEN:**  SO THE RISKS OF DAMAGE TO PARTIES OF

11  UNNECESSARY EXPENSE ARE VERY SMALL, AND WE WOULD ASK THAT

12  DISCOVERY PROCEEDS AT THIS TIME.

13        DO YOU HAVE ANY QUESTIONS FOR ME, YOUR HONOR?

14        **THE COURT:**  THANK YOU.

15        MR. ASIMOW, DID YOU WANT TO ADD ANYTHING?

16        **MR. ASIMOW:**  JUST A FEW COMMENTS ABOUT THAT, YOUR

17  HONOR.

18        SO THIS IS AN EXCUSIVE DEALING CASE.  THE MOST

19  CRITICAL ISSUE IN AN EXCLUSIVE DEALING CASE ARE THE EXCLUSIVE

20  DEALING AGREEMENTS.

21        SO WE HAVE NOW PROVIDED TO PLAINTIFF AND TO THE COURT

22  ALL OF OUR AGREEMENTS WITH WHAT WE BELIEVE ARE THE

23  RELEVANT RETAIL -- I SAY WHAT WE BELIEVE BECAUSE THE RETAILERS

24  ARE IDENTIFIED IN THE COMPLAINT BY THE LETTERS, SO THERE WAS

25  SOME GUESS WORK AS TO WHO PLAINTIFF MEANT.  BUT I THINK YOUR

 1    HONOR GOT IT COMPLETELY RIGHT, OR CLOSE TO RIGHT.

 2           SO THOSE DOCUMENTS ARE NOW AVAILABLE TO PLAINTIFF,

 3    AND THE MOST SALIENT -- THERE WAS A LOT OF INTEREST IN THEM,

 4    BUT TO ME WHAT IS DISPOSITIVE IS THAT THEY'RE ALL SHORT-TERM.

 5           (SIMULTANEOUS COLLOQUY.)

 6           **THE COURT:**  I KNOW THAT'S IN YOUR MOTION, THAT

 7    THEY'RE SHORT-TERM.

 8           **MR. ASIMOW:**  I THINK THAT'S GOING TO CONTROL THIS

 9    CASE, REALLY, AND THERE ISN'T MUCH TO DO IN THE WAY OF

10    DISCOVERY --

11           **THE COURT:**  THAT'S INTERESTING.

12           (SIMULTANEOUS COLLOQUY.)

13           **MR. ASIMOW:**  -- THAT'S GOING TO AFFECT THAT.

14           NOW, MR. OWEN IS AWARE I'VE BEEN ON THE OTHER SIDE OF

15    THIS ISSUE --

16           **THE COURT:**  YEAH.

17           **MR. ASIMOW:**  -- AND CONFRONTED WITH AGREEMENTS LIKE

18    THIS WITH SHORT-TERM OR EASY TERMINATION PROVISIONS AND I DON'T

19    THINK PLAINTIFF HERE IS GOING TO BE ABLE TO STATE A CAUSE OF

20    ACTION FOR EXCLUSIVE DEALING --

21           **THE COURT:**  YEAH.

22           **MR. ASIMOW:**  -- IN THE FACE OF THESE AGREEMENTS.

23           SO, YOU KNOW, WE'RE NOT OPPOSED TO SOME REASONABLE

24    ACCOMMODATION ON DISCOVERY IF THERE ARE PARTICULAR THINGS THAT

25    PLAINTIFF FEELS IT MAY NEED, PARTICULARLY IF WE WIND UP IN A

1    SITUATION WITH AN AMENDED COMPLAINT.  BUT IT DOESN'T SEEM TO ME

2    THAT WE SHOULD MOVE TO DEPOSITIONS OR TO ANY SUBSTANTIAL

3    DISCOVERY DOCUMENT PRODUCTION --

4            **THE COURT:**  YEAH.

5            **MR. ASIMOW:**  -- UNTIL WE HAVE A CHANCE TO SEE YOU ON

6    THE MOTION TO DISMISS AND YOU'VE HAD A CHANCE TO SEE THE

7    AGREEMENTS THAT WE'VE SUBMITTED --

8            **THE COURT:**  YEAH.

9            (SIMULTANEOUS COLLOQUY.)

10           **MR. ASIMOW:**  (INDISCERNIBLE) COURT CONSIDERING AT

11   THIS TIME, BUT I THINK IT WILL BE (INDISCERNIBLE) TO LOOK AT

12   THOSE WHEN CONSIDERING WHETHER LEAVE TO AMEND SHOULD BE

13   GRANTED.

14           **THE COURT:**  YEAH.

15           SO I -- I'M TRYING ACCOMMODATE YOUR REQUESTED TRIAL

16   SCHEDULE, AND I ACTUALLY CAN COME PRETTY CLOSE, BUT THAT MEANS

17   YOU HAVE TO GET STARTED.  AND IF YOU WERE TO WAIT UNTIL MARCH

18   OR APRIL WHEN I GET OUT MY ORDER, AND THEN IF I REQUIRE YOU TO

19   AMEND, AND THEN IF THE FOREIGN PARTIES HAVEN'T BEEN SERVED,

20   YOU'RE NOT GOING TO MAKE YOUR TRIAL DATE, AND IT'S A FIRM TRIAL

21   DATE, BECAUSE I'M GIVING YOU WHAT YOU ASKED FOR.  IT'S JUST

22   FIRM.

23           AND SO, MR. ASIMOW, I -- I'M NOT INCLINED TO STAY THE

24   DISCOVERY.  THAT WOULD BE UNUSUAL TO DO THAT.  I DON'T REALLY

25   CONSIDER THERE TO BE A COMPELLING REASON HERE, AND I AM

1  CONCERNED ABOUT THIS PROCESS TAKING SO LONG.  WE COULD STILL BE

2  HERE IN A YEAR ON THE PLEADINGS, AND IF YOU HAVEN'T GOTTEN

3  DISCOVERY STARTED, THEN, GIVEN YOUR TRIAL DATE, ANY SOONER THAN

4  2023 IS GOING TO BE USELESS, AND I'M TRYING TO MOVE THIS CASE

5  ALONG FOR YOU.  AND I THINK TEVRA CERTAINLY NEEDS IT TO MOVE

6  ALONG.  THE PAIN IS NOW, AND WAITING THREE YEARS ISN'T GOING TO

7  BE VERY HELPFUL.

8         SO I THINK THAT WHAT I'M GOING TO DO -- I AM GOING TO

9  OPEN DISCOVERY FOR ALL WRITTEN DISCOVERY.  AND, MR. OWEN,

10  SHOULD YOU COME TO THE POINT WHERE YOU NEED A DEPOSITION AND

11  MR. ASIMOW IS OPPOSED TO THAT BEFORE THE PLEADINGS ARE SET, I'M

12  GOING TO RECOMMEND THAT YOU SEND ME -- TO ME, NOT TO THE

13  MAGISTRATE JUDGE, WHO WILL GENERALLY HANDLE DISCOVERY DISPUTES,

14  BUT THIS IS REALLY MORE THE CASE SCHEDULE.

15         ALL I WOULD LIKE YOU TO DO IS GIVE ME A JOINT

16  STATEMENT THAT BRIEFLY OUTLINES YOUR POSITION.  AND FOR

17  MR. OWEN, IT WILL BE -- WELL, YOU MIGHT BE ASKING TO ALLOW ALL

18  DEPOSITIONS TO GO FORWARD.  IT'S MORE LIKELY THAT IN THAT

19  WINDOW THERE WILL BE PARTICULAR ONES THAT YOU CAN BRIEFLY TELL

20  ME THE RELEVANCE.  AND THEN EITHER -- AND THEN I CAN GET YOU ON

21  THE PHONE WITHIN A DAY OR TWO, AND WE CAN USUALLY WORK IT OUT.

22         IT'S NOT THE KIND OF THING THAT NEEDS MOTION

23  PRACTICE, FRANKLY, BECAUSE YOU WILL HAVE GIVEN ME YOUR

24  POSITION.  WE CAN -- YOU CAN BE ON THE RECORD BY PHONE.  I

25  DON'T NEED THE TRAVEL.  WE CAN WORK THAT OUT.

1          I THINK WE'RE MONTHS AWAY FROM WANTING ORAL

2    DEPOSITIONS BECAUSE YOU NEED TO SEE THE DOCUMENTS.  SO LET'S DO

3    THAT.  I THINK THAT -- I THINK THAT SHOULD BE SUFFICIENT.

4          ARE THERE OTHER ISSUES THAT YOU WANTED TO ADDRESS

5    TODAY BEFORE I SET THE CASE SCHEDULE?

6          **MR. OWEN:**  YES, YOUR HONOR, THERE'S ONE -- THERE'S A

7    PROCEDURAL ISSUE THAT ARISES OUT OF THE FULLY BRIEFED MOTION TO

8    DISMISS.  THERE ARE TWO MOTIONS PENDING BEFORE YOUR HONOR RIGHT

9    NOW, AND IT WOULD BE VERY HELPFUL IF THEY WERE RESOLVED BEFORE

10   WE SEE YOU ON FEBRUARY 27TH.

11         **THE COURT:**  WHAT ARE THOSE MOTIONS?

12         **MR. OWEN:**  OKAY.  THE FIRST IS THEIR REQUEST -- IS

13   BAYER'S REQUEST FOR JUDICIAL NOTICE AND THE ACCOMPANYING

14   REQUEST TO SEAL, BOTH OF WHICH WE'VE OPPOSED.

15         THE SECOND IS RELATED TO THAT, AND IT HAS TO DO WITH

16   TEVRA'S OBJECTIONS TO BAYER'S REQUEST FOR JUDICIAL NOTICE,

17   WHICH WE OBJECTED TO UNDER THE LOCAL RULE AS REQUIRING -- AS

18   CONSTITUTING NEW DOCUMENTS IN A REPLY BRIEF.

19         SO WE ASKED FOR ALTERNATIVE RELIEF IN OUR OBJECTION

20   TO THEIR NEW DOCUMENTS FILED IN CONJUNCTION WITH A REPLY, AND

21   WE ASK THAT EITHER THE COURT, A, STRIKE THOSE DOCUMENTS AND NOT

22   CONSIDER THEM IN CONJUNCTION WITH THE MOTION TO DISMISS, OR B,

23   GRANT US THE RIGHT TO FILE A SURREPLY.

24         SO THAT BRIEFING, THE BRIEFING FOR YOUR FEBRUARY 27TH

25   HEARING ON THE MOTION TO DISMISS, ISN'T REALLY COMPLETE UNLESS

1    THE COURT EITHER STRIKES THE DOCUMENTS AND THEN WE'RE DONE

2    BRIEFING OR GRANTS US SOME -- THE ABILITY TO REPLY TO THEM.  WE

3    NEVER HAD ACCESS TO THEM WHEN WE WERE PREPARING OUR OPPOSITION.

4          NOW, OF COURSE, ALL OF THIS WRAPS AROUND THE LARGER

5    ISSUE THAT WE BELIEVE THAT ANY TIME A -- AND WE FULLY BRIEFED

6    THIS IN OUR OPPOSITION -- ANY TIME A DEFENDANT ATTACHES NEW

7    DOCUMENTS TO A MOTION TO DISMISS BY RULE, BY RULE 12, THAT

8    CONVERTS IT INTO A MOTION FOR SUMMARY JUDGMENT UNLESS THOSE

9    DOCUMENTS ARE EXCLUDED BY THE COURT.

10         **THE COURT:**  WELL, NO.  IT ACTUALLY DOESN'T.  BECAUSE

11   IF I'M MERELY TAKING JUDICIAL NOTICE OF DOCUMENTS, IT'S -- I'M

12   NOT TAKING -- I'M NOT CONSIDERING THEM FOR THE TRUTH OF THE

13   ASSERTIONS IN THE DOCUMENTS, OR THEY ARE DOCUMENTS BEYOND

14   DISPUTE.

15         SO I'M NOT CONVERTING THIS TO A SUMMARY JUDGMENT

16   MOTION.  THAT I CAN RULE ON RIGHT NOW.  THAT'S NOT HAPPENING.

17         I HAVEN'T LOOKED AT THOSE DOCUMENTS YET.  I SAW THAT

18   THAT DISPUTE WAS LAID OUT IN YOUR OPPOSITION.  I'M NOT -- AND

19   IT'S NOT UNREASONABLE TO ASK FOR A SURREPLY IF I CONSIDER THE

20   DOCUMENTS.  I CERTAINLY UNDERSTAND THAT.

21         I THINK -- I'LL HAVE TO LOOK AT IT MORE CAREFULLY TO

22   SEE THE NATURE OF THE DOCUMENTS THEMSELVES AND WHETHER THEY

23   ACTUALLY DO OPEN UP NEW ISSUES.  AND IF I WERE TO ALLOW A

24   SURREPLY, IT WOULD BE MUCH BETTER FOR ME TO HAVE THAT IN HAND

25   BEFORE THE ARGUMENT, SO I APPRECIATE THAT YOU RAISED THAT

1    ISSUE, AND I'M GLAD TO TAKE A LOOK AT THAT.  AND A SURREPLY

2    GENERALLY IS LEFT TO ABOUT THREE PAGES.  SO THAT'S THE WAY IT

3    GOES.

4            MR. ASIMOW, DID YOU WANT TO COMMENT?

5            **MR. ASIMOW:**  I'D LIKE TO COMMENT ON IT

6    (INDISCERNIBLE).

7            **THE COURT:**  SURE.

8            **MR. ASIMOW:**  WE WANTED TO SUBMIT THESE DOCUMENTS WITH

9    OUR MOTION --

10           **THE COURT:**  YEAH.

11           **MR. ASIMOW:**  (INDISCERNIBLE) PROTECTIVE ORDER THEY'RE

12   HIGHLY CONFIDENTIAL BECAUSE THERE ARE AGREEMENTS --

13           **THE COURT:**  SURE.

14           **MR. ASIMOW:**  -- WHICH CONTAIN PRICING, ET CETERA.

15           COUNSEL DECLINED TO STIPULATE TO A PROTECTIVE ORDER

16   SO WE ACTUALLY BROUGHT A MOTION FOR ONE.  THAT WAS REFERRED TO

17   THE MAGISTRATE JUDGE.  HE ISSUED THE PROTECTIVE ORDER.  AND

18   THEN WE PUT THESE TOGETHER AND SUBMITTED THEM TO THE COURT.

19           SO IT WAS, OF COURSE, MY PREFERENCE TO PROVIDE THEM

20   TO THE COURT AND OPPOSING COUNSEL WITH OUR MOTION.

21           UNDER THESE CIRCUMSTANCES, I'M NOT OPPOSED TO

22   PLAINTIFF HAVING A BRIEF SURREPLY.

23           (SIMULTANEOUS COLLOQUY.)

24           **THE COURT:**  WELL, MAYBE WE SHOULD JUST TAKE CARE OF

25   IT RIGHT NOW THEN.  WITH THAT IN MIND, LET ME -- I HAVE THE

1   BRIEFING HERE.  I DON'T ACTUALLY HAVE THE COMPLAINT HERE.

2   MAYBE IT WAS -- LET'S SEE.

3           SO, MR. OWEN, IT SEEMS THEN I THINK YOU'VE DONE A

4   GOOD JOB BY BRINGING THAT UP.  IT SAVES ALL BY BRINGING THAT

5   UP.  IT SAVES ALL OF US THE TIME OF HAVING TO DO MORE ON IT.

6           I WILL ALLOW A SURREPLY, AND I WILL LIMIT YOU TO

7   THREE PAGES.  AND I -- YOU KNOW, YOU CERTAINLY DON'T NEED TURN

8   IT IN TOMORROW.  SO WHEN WOULD YOU -- IS IT REASONABLE FOR THAT

9   TO BE FILED BY JANUARY 17?

10          **MR. OWEN:**  BY WHAT DATE?

11          **THE COURT:**  JANUARY 17.

12          **MR. OWEN:**  JANUARY 17?

13          **THE COURT:**  YEAH.

14          **MR. OWEN:**  VERY REASONABLE.

15          **THE COURT:**  WELL, I WOULD IMAGINE --

16          **MR. OWEN:**  THESE CAN BE THE BEST THREE PAGES EVER

17  WRITTEN BETWEEN NOW AND JANUARY 17.

18          **THE COURT:**  I'M ACTUALLY THINKING ABOUT SOME

19  ASSOCIATE BACK AT YOUR OFFICE WHO IS ALREADY UP TO HIS OR HER

20  EYEBALLS WITH WORK UP TO THE HOLIDAY AND I BELIEVE THAT WHEN WE

21  CAN --

22          **MR. OWEN:**  THAT ASSOCIATE IS SITTING AT THE COUNSEL

23  TABLE.

24          **THE COURT:**  I'M HER NEW BEST FRIEND.

25          **MR. OWEN:**  SHE THANKS YOU --

1          **THE COURT:**  YEAH.

2          **MR. OWEN:**  I CAN FEEL THE AURA OF HER THANKING THE

3     COURT FOR THAT.

4          **THE COURT:**  I'M NOT GOING TO SEE YOU FOR ANOTHER

5     MONTH, SO THERE'S NO REASON FOR ME TO INFLICT PAIN.  I'M SURE

6     I'LL DO THAT AT OTHER POINTS IN THE CASE.  OKAY.  I'LL LOOK

7     FORWARD TO THAT.  I'M GLAD WE COULD TAKE CARE OF THAT.

8          NOW, WITH THAT ALL BEING SAID, I WAS LOOKING AT A

9     TRIAL DATE FOR YOU.  YOU WERE ASKING FOR AUGUST 23RD OF 2021.

10    I CAN'T QUITE DO THAT, BUT I CAN SET THIS CASE FOR TRIAL ON

11    SEPTEMBER 20 OF 2021.

12         I WILL SET YOUR FINAL PRETRIAL CONFERENCE ON

13    AUGUST 26TH OF 2021 AT 1:30 IN THE AFTERNOON.  AND I'M GOING TO

14    SET THE LAST DAY THAT I WILL HEAR SUMMARY JUDGMENT ON MAY 6TH

15    OF 2021.  I'LL EXPLAIN THAT TO YOU.

16         MY CALENDAR IS SO IMPACTED THAT I ACTUALLY ASSIGN A

17    HEARING DATE.  IT'S THE ONLY TIME I RESERVE A HEARING DATE IN

18    ADVANCE, BUT THAT'S THE LAST DAY FOR SUMMARY JUDGMENT.  I -- I

19    HAVE FOUND THAT EARLIER SUMMARY JUDGMENT MOTIONS ARE RARELY

20    SUCCESSFUL, AND I ONLY ALLOW ONE IN THE LIFE OF THE CASE PER

21    SIDE.  SO OFTEN IT BEHOOVES THE PARTIES TO WAIT.

22         THAT DATE IS RESERVED.  THAT MEANS YOU CAN FILE

23    OPENING MOTION 35 DAYS BEFORE THE HEARING IF YOU WANT, OR YOU

24    CAN WORK OUT BETWEEN YOURSELVES A MOTION -- A MORE COMFORTABLE

25    BRIEFING SCHEDULE, BUT I DON'T POLICE THAT.

1        WHEN YOU FILE MOTIONS, AS YOU LEARNED FROM THE MOTION

2    TO DISMISS, IT TAKES MONTHS TO GET A HEARING DATE.  SO I WANT

3    TO BE SURE THAT THE SUMMARY JUDGMENT GIVES ME ENOUGH TIME AT

4    THE END.  THAT'S WHY I SET THAT UP.

5        I -- IN A CASE LIKE THIS, THERE WILL DEFINITELY BE

6    EXPERTS, AND I NEED TO EXPLAIN TO YOU WHAT I DO WITH DAUBERTS

7    BECAUSE IT'S SCHEDULING.  I THINK IT'S IN MY STANDING ORDERS,

8    BUT I WANT YOU TO BE THINKING ABOUT IT.  IT'S A LITTLE

9    COMPLICATED.

10        SO IF YOU HAVE DAUBERT MOTIONS FOR TRIAL -- AND I'M

11   TALKING ABOUT TRIAL, NOT SUMMARY JUDGMENT -- YOU CAN FILE --

12   YOU CAN FILE IT, BUT I WON'T RESERVE A HEARING DATE NOW.  IT

13   MUST BE -- YOU MUST SECURE A HEARING DATE AT LEAST 60 DAYS

14   BEFORE TRIAL.  IT TAKES ABOUT FIVE MONTHS FROM THE DAY YOU CALL

15   TO RESERVE TO GET A HEARING DATE.  SO, YOU KNOW, YOU'VE GOT TO

16   BACK UP EVERYTHING.

17        NOW I GIVE YOU A FAILSAFE, A SAFETY NET ON THE

18   DAUBERT.  IF YOU MISS THAT DATE, YOU MAY USE YOUR IN LIMINE

19   MOTIONS FOR DAUBERT, BUT THERE ARE FURTHER RESTRICTIONS.  SO

20   YOU'RE ONLY ALLOWED FIVE IN LIMINE MOTIONS AT THE FINAL

21   PRETRIAL CONFERENCE.  THOSE ARE LIMITED TO FIVE PAGES EACH AND

22   ONLY ONE EXPERT PER IN LIMINE MOTION.

23        IF YOU FILE IT EARLIER, I LIMIT YOU TO 25 PAGES

24   TOTAL, NO MORE THAN TEN PAGES PER EXPERT.

25        I'M SORRY THIS GOES ON FOREVER.  IT'S THE ONLY WAY

1    I'VE BEEN ABLE TO BRING ORDER TO THESE DAUBERT MOTIONS, BECAUSE

2    MOST OF THEM ARE UNSUCCESSFUL, AND IF I DON'T STREAMLINE IT,

3    THEN WE GET STUCK IN A DAUBERT PROBLEM.

4          IF YOU ARE CHALLENGING THE ADMISSIBILITY OF EXPERT

5    EVIDENCE IN A SUMMARY JUDGMENT MOTION, IT'S LIKE ANY OTHER

6    EVIDENCE OBJECTION UNDER OUR LOCAL RULE, AND THE DAUBERT

7    OBJECTION HAS TO BE WITHIN YOUR 25 PAGES.

8          YOU'RE WELCOME TO FILE A SEPARATE DAUBERT MOTION.

9    I'LL DECIDE IT BEFORE TRIAL.  I WILL NOT CONSIDER IT EVEN IF

10    YOU SECURE A HEARING DATE THAT IS THE SAME, I WILL NOT, BECAUSE

11    OUR LOCAL RULE REQUIRES EVIDENCE OBJECTIONS PERTAINING TO

12    SUMMARY JUDGMENT TO BE WITHIN THE 25-PAGE LIMIT.

13          SO --

14          **MR. ASIMOW:**  DO YOU HAVE A PREFERENCE AS TO WHETHER

15    IT'S ONE DOCUMENT AS OPPOSED TO YOUR 20-PAGE?

16          (SIMULTANEOUS COLLOQUY.)

17          **THE COURT:**  I PREFER IT AT ONE.

18          **MR. ASIMOW:**  OKAY.

19          **THE COURT:**  I GIVE YOU THE PAGE LIMIT, 25 TOTAL, 10

20    PER EXPERT.  ONE IS EASIER FOR ME.

21          IN TERMS OF DISCOVERY DISPUTES, THEY WILL GO TO THE

22    MAGISTRATE JUDGE ASSIGNED TO THE CASE.  YOU PROBABLY ARE

23    FAMILIAR WITH THAT.  SCHEDULING ISSUES, WHICH SOMETIMES ARE

24    COUSINS TO DISCOVERY DISPUTES WILL COME TO ME, AND THE

25    MAGISTRATE JUDGE WILL KNOW THE LINE BETWEEN THOSE IF YOU CAN'T

1   QUITE TELL, AND THEN IT WILL JUST COME OVER TO ME.  BUT THAT

2   SHOULD MOVE THINGS ALONG PRETTY WELL.

3         PLEASE READ MY STANDING ORDERS.  I'M GOING TO TELL

4   YOU ABOUT FOOTNOTES.  THIS IS MY TIME.  I DON'T LIKE FOOTNOTES.

5   I GENERALLY DON'T READ THEM, BUT IF YOU -- IF YOU MUST USE

6   FOOTNOTES, YOU SHOULD USE THEM SPARINGLY, AND THEY MUST BE

7   12-POINT FONT AND DOUBLE SPACED, AND IF THEY'RE NOT, THEY WILL

8   BE STRICKEN AUTOMATICALLY, AND I'VE STOPPED GIVING LAWYERS THE

9   OPPORTUNITY TO REFILE THE BRIEF BECAUSE IT'S TOO MUCH WORK ON

10  OUR PART.

11        SO, KEEP THAT IN MIND.  AND, YOU KNOW, IF ANYTHING

12  WAS DONE IN THESE MOTIONS THAT DIDN'T COMPLY WITH THAT, I DON'T

13  EVEN KNOW THAT THE CASE WAS MY CASE -- IT LOOKS LIKE

14  EVERYTHING'S FINE, BUT --

15        **MR. ASIMOW:**  WORD PROCESSING (INDISCERNIBLE.)

16        **MR. OWEN:**  AND WE'VE GOT A BAD ONE ON PAGE 4 OF

17  OUR OPPOSITION.

18        **THE COURT:**  AND I'M NOT -- BUT THIS -- YOU KNOW, I'M

19  NOT -- AND IT'S FINE.  WE HAVEN'T -- YOU HAVEN'T BEEN IN.  I

20  HADN'T TALKED TO YOU ABOUT IT.  IT'S NOT A PROBLEM.  I'LL READ

21  IT; I PROMISE.  BUT NO -- WE'VE TALKED ABOUT IT.

22        WHAT I'D LIKE YOU TO DO, MEET AND CONFER AND WORK OUT

23  THE REMAINDER OF THE CASE SCHEDULE, WHICH IS YOUR DISCOVERY

24  CUTOFF DATES CONSISTENT WITH THE DATES I'VE GIVEN YOU.  AND

25  I'LL ALSO USE THAT JANUARY 17 DATE.  IF YOU'D SUBMIT A

1    STIPULATION AND ORDER ON THAT, THAT WILL BE HELPFUL.

2              I THINK THAT TAKES CARE OF EVERYTHING WE NEED TO TALK

3    ABOUT TODAY IN TERMS OF MY PART OF THE SCHEDULING.  ANYTHING

4    ELSE?

5              **UNIDENTIFIED SPEAKER:**  NOTHING BY (INDISCERNIBLE)

6    YOUR HONOR.

7              (SIMULTANEOUS COLLOQUY.)

8              **THE COURT:**  ALL RIGHT.  I DON'T SET REGULAR CASE

9    MANAGEMENT CONFERENCES, ESPECIALLY WITH THE TRAVEL REQUIRED OR

10   THE PHONE CALL, WHICH IS NOT AS EFFECTIVE.

11             WHAT I'D RATHER DO IS TO LET YOU INFORM ME WHEN

12   ISSUES ARISE.  AND, AGAIN, IT'S JUST THAT SIMPLE PROCESS.  GIVE

13   ME A JOINT STATEMENT, TELL ME WHAT THE ISSUE IS, AND ASK FOR A

14   CASE MANAGEMENT CONFERENCE, AND I WILL GET YOU ON THE PHONE IN

15   A COUPLE OF DAYS.

16             AT THAT POINT WE'LL DECIDE WHETHER WE CAN RESOLVE IT

17   AS CASE MANAGEMENT OR WHETHER IT'S ACTUALLY A MOTION AND IT

18   NEEDS TO BE FILED AS A MOTION, BUT AT LEAST I CAN GIVE YOU THAT

19   ANSWER VERY QUICKLY AND MOVE THINGS ALONG.

20             AND REALLY DON'T HESITATE.  I'VE NEVER HAD LAWYERS

21   ABUSE THAT OPPORTUNITY.  YOU'RE BUSY.  YOU DON'T NEED TO BE

22   TALKING TO ME.  YOU CAN USUALLY WORK THINGS OUT YOURSELVES.

23             SO I THINK THAT'S EVERYTHING FROM MY END.  I LOOK

24   FORWARD TO SEEING YOU IN FEBRUARY, AND I'LL HAVE PLENTY OF TIME

25   TO READ THE SURREPLY.  ALL RIGHT?  THANK YOU.

1          **MR. ASIMOW:**  SEE YOU IN FEBRUARY, YOUR HONOR.

2          **THE COURT:**  THAT'S GREAT.  THANK YOU, MR. ASIMOW.

3          (PROCEEDINGS ADJOURNED AT 2:13 P.M.)

1                    **CERTIFICATE OF TRANSCRIBER**

2

3          I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

4    TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF

5    THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE

6    U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE

7    PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE

8    ABOVE MATTER.

9          I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR,

10   RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN

11   WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT

12   FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE

13   ACTION.

14

15

16                    JOAN MARIE COLUMBINI

17                      DECEMBER 12, 2019

18

19

20

21

22

23

24

25