NITIN GAMBHIR (SBN 259906)
ngambhir@polsinelli.com
POLSINELLI LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
T:  650-461-7700
F:  650-461-7701

DANIEL D. OWEN (*Admitted Pro Hac Vice*)
dowen@polsinelli.com
G. GABRIEL ZOROGASTUA (*Admitted Pro Hac Vice*)
gzorogastua@polsinelli.com
ALEXA R. DICUNZOLO (*Admitted Pro Hac Vice*)
adicunzolo@polsinelli.com
POLSINELLI PC
900 w. 48TH Place, Ste. 900
Kansas City, MO 64112
T:  816-753-1000
F:  816-753-1536

Attorneys for Plaintiff
TEVRA BRANDS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVRA BRANDS, LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>BAYER HEALTHCARE LLC, and<br>BAYER ANIMAL HEALTH GmbH, and<br>BAYER AG,<br><br>                    Defendants. | Case No. 3:19-cv-04312-BLF<br><br>**PLAINTIFF TEVRA BRANDS, LLC'S SUR-REPLY IN OPPOSITION TO DEFENDANTS BAYER HEALTHCARE LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Date:    February 27, 2020<br>Time:    9:00 a.m.<br>Ctrm:    3, 5th Floor<br>Judge:  Honorable Beth Labson Freeman |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1   Bayer's fourteen purported agreements with retailers and distributors (Exhibits 1–14 to
2   Bayer's Request for Judicial Notice, ECF No. 43 ("RJN")) (collectively, the "New Exhibits") are
3   not incorporated into the Complaint, nor subject to judicial notice.  Even if they were, the New
4   Exhibits support Tevra's allegations of tying and exclusive dealing, because ▒▒▒▒▒▒▒▒
5   ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
6   ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
7   ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ These contract terms, along with Bayer's
8   extensive rebate programs, make the contracts *de facto* exclusive dealing agreements.  Their
9   practical effect is to require retailers to exclusively purchase and promote Bayer's imidacloprid
10  products if they want to buy Seresto.  Because "Seresto is a 'must have' product for Pet Specialty
11  Retailers and Online Retailers" (Compl. ¶ 73), the New Exhibits show why retailers cannot
12  easily terminate their Bayer contracts.  Bayer's Motion to Dismiss should be denied.
13       A.   The New Exhibits support Tevra's tying and exclusive dealing claims.
14       The New Exhibits contain ▒▒▒▒▒▒▒▒▒▒▒▒▒▒ For example, the ▒▒▒▒▒▒
15  ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
16  ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
17  ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ RJN Ex. 3 at BAH 67, 70.  ▒▒▒▒▒▒▒▒▒▒
18  ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
19  ▒▒▒▒▒▒ *Id.* at BAH 64, 67.  RJN Exhibits 2 & 4–9 ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
20       The New Exhibits also show how Bayer's rebates force retailers to buy Bayer's
21  imidacloprid exclusively. ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
22  ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
23  ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
24  ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
25  ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
26  ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ RJN Ex. 3 at BAH 67–68. These conditions convinced retailers they
27  cannot buy imidacloprid from anyone else because they cannot afford to lose the Seresto rebates.
28

-1-
TEVRA'S SUR-REPLY IN OPP. TO BAYERS'
MTD FOR FAILURE TO STATE A CLAIM
CASE NO. 3:19-cv-04312-BLF

1     **B.     The New Exhibits show that Bayer's agreements are not easily terminable.**

2          Bayer claims the New Exhibits show its agreements are easily terminable, so they cannot

3  foreclose substantial competition.  This assumes the simple insertion of a termination clause into

4  a tying and exclusive dealing agreement prevents any substantial lessening of competition.  This

5  assumption is unfounded.  The Court must evaluate the economic impact of the entire contract,

6  not just a single term.  The Complaint alleges that the economic impact of Bayer's contracts is

7  that no pet specialty retailer will terminate its Bayer contract to switch to Tevra's product.

8          The New Exhibits show one reason why not: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ a must-have product for pet specialty retailers.

10 Compl. ¶¶ 4, 73.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  But even if (contrary to the Complaint's

14 allegations) Bayer were willing to sell Seresto at the regular wholesale price to a retailer whose

15 contract was terminated, the discounts lost would make it unprofitable to the retailer.  Compl. ¶

16 128.  For example, discounts in ▮▮▮▮▮ contract (Ex. 3) include, but are not limited to:

| Discount & Percentage | Requirements |
|---|---|
| ▮▮▮▮ | ▮▮▮▮▮▮▮▮▮▮▮ |
| ▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| ▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| ▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮▮▮▮▮ |
| ▮▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| ▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮▮▮▮▮▮ |

25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26 ▮▮▮▮▮▮  *Id.* at BAH 60.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *Id*.  Applying the potential

28

1  ████ discount to the ████████████████████ would lose ████████ in discounts
2  if it terminated its tying and exclusive dealing agreement with Bayer.
3         Prior versions of the ████ agreement contain additional anti-competitive provisions
4  that ████████████████████████████████████████████████████████████████████
5  ████████████████████████████████████████ RJN Ex. 2 at BAH 49 ¶
6  4.b. ████████████████████████████████████████████████████████████
7  ██████████████████████ *Id.* at BAH 49 ¶ 6.  Additionally, around the same time
8  manufacturers of generic imidacloprid attempted to enter the market, ████████████
9  ██████████████████████ (*Id.* at BAH 55 ¶ 5), ██████████████████████████████ e
10 ██████████████████████ *Compare id.* at BAH 55 ¶ 5 *with* RJN Ex. 3 at BAH 68 ¶ 5.
11        Bayer's other agreements contain similar anti-competitive provisions.  For example, the
12 agreements with ████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████████████
14 ██████████████████████ RJN Ex. 4 at BAH 80–81; Ex. 5 at BAH 92–93; Ex. 6
15 at BAH 103–05; Ex. 7 at BAH 115–16; Ex. 12 at BAH 229–34.  ████████████████
16 ████████████████████████████████████████████████████████████████████
17 ██████████████████████████████████████ RJN Ex. 11 at BAH
18 175-80.  Accordingly, the New Exhibits support Tevra's allegation that Bayer's discounts
19 effectively preclude retailers from buying generic imidacloprid, as retailers risk losing millions
20 of dollars in discounts from Bayer if they do business with Bayer's competitors.  Compl. ¶ 125.
21        For the reasons stated here and in its Response and prior briefs, Tevra respectfully
22 requests the Court not consider Bayer's New Exhibits at all, much less for the truth of the matters
23 asserted therein. ECF No. 35 at 1–3, 16 & ECF No. 46. However, if the Court does consider
24 them, they strongly support the Complaint's allegations. Bayer's Motion should be denied.
25
26
27
28

| | | |
|---|---|---|
| Dated: January 17, 2020 | | Respectfully Submitted, |
| | | POLSINELLI LLP |
| | By: | /s/ Alexa R. DiCunzolo |
| | | Alexa R. DiCunzolo |
| | | Attorneys for Plaintiff |
| | | TEVRA BRANDS, LLC |

-4-

TEVRA'S SUR-REPLY IN OPP. TO BAYERS'
MTD FOR FAILURE TO STATE A CLAIM
CASE NO. 3:19-cv-04312-BLF