United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TEVRA BRANDS LLC,<br><br>Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE LLC, et al.,<br><br>Defendants. | Case No. 19-cv-04312-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND TERMINATING BAYER HEALTHCARE LLC'S MOTION TO DISMISS THE COMPLAINT**<br><br>[ECF 25, 79] |

On July 26, 2019, Plaintiff Tevra Brands LLC ("Tevra") sued Defendants Bayer HealthCare LLC ("Bayer HealthCare"), Bayer Animal Health GmbH ("Bayer Animal"), and Bayer AG, alleging various violations of the Clayton Antitrust Act and the Sherman Antitrust Act. ECF 1. The suit concerns topical flea and tick treatments containing the active ingredient Imidacloprid. *Id.* ¶¶ 1,15. The Complaint claimed, *inter alia*, that Defendants have (1) forced retailers and distributors to agree not to carry generic Imidacloprid topicals in competition with Defendants' name brand products, *id.* ¶ 3, and (2) illegally tied the purchase of their topical treatments with their patented flea collar, *id.* ¶¶ 4-5.

On September 27, 2019, Bayer HealthCare[1] moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 25 ("MTD"). The motion was for set for hearing on February 27, 2020. *Id.* In connection with that motion, on November 14, 2019, Bayer HealthCare filed a request for judicial notice asking the Court to consider various contracts between Bayer HealthCare and its dealers. ECF 43. Bayer HealthCare argued that these contracts were

---

[1] The motion was brought only by Bayer HealthCare, as the other two Bayer entities had not been served at the time of filing. *See* ECF 25 at 1. As of February 10, 2020, Plaintiff was still in the process of serving Bayer Animal and Bayer AG in Germany. *See* ECF 79 ¶ 2.

"incorporated by reference" in the Complaint, *id.* at 1, though it is undisputed that Plaintiff did not have access to these agreements when it drafted the Complaint, *see* ECF 39; ECF 79 ("Mot. for Leave") ¶ 2.

Then, on February 10, 2020, Plaintiff filed a Motion for Leave to File a First Amended Complaint ("FAC"). ECF 79. According to Plaintiff, the primary purpose of amendment is "to address the agreements with retailers and distributors that Bayer HealthCare LLC first produced on November 14, 2019." Mot. for Leave at 2-3. In the interest of judicial economy and to avoid unnecessary travel costs for the parties' counsel, the Court continued the hearing for Bayer HealthCare's motion to dismiss to March 26, 2020, by which time Plaintiff's Motion for Leave would be fully briefed. *See* ECF 83. The Motion for Leave—which Bayer HealthCare has opposed—is now ripe for the Court's decision. Having reviewed the parties' submissions, the Court finds that the motion is suitable for decision without oral argument and GRANTS it.

Pursuant to Federal Rule of Civil Procedure Rule 15(a), leave to amend "shall be freely given when justice so requires." *See also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The Ninth Circuit has repeatedly instructed district courts to grant leave to amend unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As explained below, the Court finds that none of these factors justifies denial of leave to amend here.

To begin with, it is perfectly reasonable for Plaintiff to amend its complaint to account for the dealer agreements. The parties clearly agree that the agreements are relevant to Plaintiff's claims, as Bayer HealthCare sought judicial notice of them. However, Bayer HealthCare contends that Plaintiff unduly delayed in amending its complaint, as Plaintiff came into possession of the dealer agreements in November 2019. *See* ECF 86 ("Opp.") at 1-2. There are at least two problems with this objection. First, even if the Court agreed that a delay of three months was "undue," the Ninth Circuit has made clear that "delay alone is not sufficient to justify the denial of . . . leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Second, and more

importantly, Plaintiff filed its Motion for Leave by the deadline to amend pleadings or add parties in the parties' stipulated case schedule. *See* ECF 72 (setting deadline as February 10, 2020). The Court is therefore not persuaded that Plaintiff's filing "threatens the overall schedule for this case," Opp. at 1.

Second, Bayer HealthCare argues that amendment would prejudice it because it "will have spent significant time in briefing, preparing and arguing a motion to dismiss that will be mooted." Opp. at 2. Although the Court is sympathetic to Bayer HealthCare's frustration, this is not a sufficiently serious showing of prejudice to rebut the presumption in favor of leave to amend. As Plaintiff points out, the litigation is still at an early stage: Fact discovery remains open and, again, Plaintiff met the parties' agreed-upon deadline to amend its pleading. Bayer HealthCare has not articulated any prejudice to its ability to defend this suit. To the extent Bayer HealthCare believes the FAC has failed to cure the flaws in the original Complaint, it is certainly free to renew those arguments. Ultimately, considering the apparent importance of the dealer agreements to this suit, the Court believes efficiency will be served by permitting Plaintiff to clarify its theories in light of those agreements.

Finally, Bayer HealthCare contends that amendment would be futile because the FAC remains deficient for the reasons articulated in its pending Motion to Dismiss the Complaint. Opp. at 2. Amendment is futile only if "the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127. Even if Plaintiff's claims are deficient in the ways urged by Bayer HealthCare, the Court is not prepared to say that amendment would be futile.

Accordingly, the Court GRANTS Plaintiff's Motion for Leave to File a First Amended Complaint, ECF 79. Plaintiff shall file the FAC no later than **March 20, 2020**. As the operative complaint is now the First Amended Complaint, Bayer Healthcare's Motion to Dismiss the Complaint, ECF 25, is hereby TERMINATED as moot.

**IT IS SO ORDERED.**

Dated: March 16, 2020

_____
BETH LABSON FREEMAN
United States District Judge

3