**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TEVRA BRANDS LLC,<br><br>Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE LLC, et al.,<br><br>Defendants. | Case No. 19-cv-04312-BLF<br><br>**ORDER GRANTING MOTIONS TO FILE UNDER SEAL DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND PLAINTIFF'S SUR-REPLY**<br><br>[ECF 42, 65] |

The parties have filed several administrative motions to seal pursuant to Civil Local Rule 79-5 in this case. This order addresses two of these motions: (1) Defendant Bayer HealthCare LLC's Motion to File Under Seal Portions of Its Request for Judicial Notice in Support of Its Motion to Dismiss, ECF 42, and (2) Plaintiff's Motion to File Under Seal Portions of Its Sur-Reply in Opposition to Bayer HealthCare LLC's Motion to Dismiss, ECF 65.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). This right exists to "ensur[e] the public's understanding of the judicial process and of significant public events," *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted), as "court records often provide important, sometimes the only, bases or explanations for a court's decision," *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014). Accordingly, in order to justify sealing court records, a litigant must show "compelling reasons" that "outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted).

Here, however, there is no public interest in viewing the documents the parties seek to seal. Both sets of documents were filed in connection with Bayer HealthCare LLC's Motion to Dismiss

the Complaint, which the Court subsequently terminated as moot.  ECF 92.  Because there will be no judicial decision on that motion, the public has no need to access the supporting documents.  *See Karl v. Zimmer Biomet Holdings, Inc.*, No. C 18-04176 WHA, 2019 WL 5677543, at *8 (N.D. Cal. Oct. 31, 2019).  Accordingly, the Court GRANTS the administrative motions to seal; the copies of the documents filed at ECF 42 and 65 will remain under seal.

**IT IS SO ORDERED.**

Dated: March 16, 2020

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge