# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| TEVRA BRANDS LLC,<br>Plaintiff,<br>v.<br>BAYER HEALTHCARE LLC, et al.,<br>Defendants. | Case No. 19-cv-04312-BLF<br><br>**ORDER RE PLAINTIFF'S ADMINISTRATIVE MOTIONS TO SEAL FIRST AMENDED COMPLAINT AND PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[Re: ECF 78, 87] |

Before the Court are Plaintiff Tevra Brands LLC's administrative motions to file under seal portions of (1) the First Amended Complaint ("FAC") and the red-lined version of the FAC, ECF 78, *see also* ECF 82; and (2) Plaintiff's Reply in Support of Its Motion for Leave to File the FAC, ECF 87. Having reviewed the parties' submissions and applicable sealing law, the Court GRANTS IN PART and DENIES IN PART the administrative motions.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). As the Ninth Circuit has explained, this right exists to "ensur[e] the public's understanding of the judicial process and of significant public events," *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted), as "court records often provide important, sometimes the only, bases or explanations for a court's decision," *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014). Accordingly, court records are generally subject to "a strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted).

In order to justify sealing such records, a litigant must show "compelling reasons" that "outweigh the general history of access and the public policies favoring disclosure." *Id.*

Although a lesser showing of "good cause" suffices to seal documents not "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety*, 809 F.3d at 1099, this Court has previously determined that a complaint—which forms the very basis for a suit—does not fall within that narrow "exception," *id. See Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 1024964, at *2 (N.D. Cal. Mar. 4, 2019); *accord Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016). As for Plaintiff's Reply, all of the passages the parties seek to seal are direct quotes or paraphrases from the proposed FAC, and so are sealable to the same extent as the FAC itself. Thus, in order to justify sealing the documents at issue, the parties must meet "the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.

Compelling reasons justifying the sealing of court records generally exist "when such 'court files might . . . become a vehicle for improper purposes,'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598), such as: "to gratify private spite, promote public scandal, circulate libelous statements," *id.*; "to release trade secrets," *id.*; or "as sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1178–79. The party seeking to seal a judicial record bears the burden of "articulat[ing] compelling reasons supported by specific factual findings." *Id.* at 1182 (internal quotation marks omitted). The court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097 (internal quotation marks and alterations omitted).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79–5. That rule requires, *inter alia*, the moving party to "establish ... that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection

under the law." Civ. L.R. 79–5(b). The request must also "be narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79–5(b). Section (d) lays out the procedural requirements for an administrative motion to seal, namely, a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable," a proposed order that "lists in table format each document or portion thereof that is sought to be sealed," and an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79–5(d).

## II. DISCUSSION

The Court now turns to the merits of the sealing motion. Although Tevra Brands LLC ("Tevra") is the Submitting Party for both the FAC and Plaintiff's Reply in Support of Its Motion for Leave, the documents at issue contain material that Defendant Bayer HealthCare LLC ("Bayer") seeks to seal, as well as material that Tevra seeks to seal. Accordingly, Bayer has also filed supporting declarations as required by Civil Local Rule 79–5(e). ECF 85, 90.

The parties seek to seal the relevant information on the ground that it is "highly confidential and sensitive business information." ECF 87-1 ¶ 1 (Tevra), ECF 78 at 2 (Tevra); *see also* ECF 85 ¶ 3 (Bayer), ECF 90 ¶ 3 (Bayer). Tevra asserts that the information at issue relates to "Tevra's offers to retailers," ECF 87-1 ¶ 3 and ECF 78 at 1, and comparisons of its pricings to Bayer's pricing, ECF 78 at 1. Similarly, Bayer says that redaction is required for "information relating to Bayer's agreements with retailers and Bayer's internal financial and business strategies." ECF 85 ¶ 2, ECF 90 ¶ 2.

Price terms and other financial information certainly may be sealable. For instance, in *In re Electronic Arts*, 298 Fed. Appx. 568, 569 (2008), the Ninth Circuit held that "pricing terms, royalty rates, and guaranteed minimum payment terms" in a licensing agreement constituted "business information that might harm a litigant's competitive strategy" and, as such, should have been sealed under the compelling reasons standard. The court further observed that such information "falls within the definition of 'trade secrets,'" which "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.*

3

(quoting Restatement of Torts § 757, cmt. b). And in *Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1223 (2013), the Federal Circuit held that a trial court in this district had abused its discretion in refusing to seal portions of documents "containing detailed product-specific financial information, including costs, sales, profits, and profit margins."

In this case, however, the Court is not persuaded that the parties have met their burden of showing compelling reasons to seal the requested information. Where, as here, the material to be sealed goes to the very heart of the suit, the public interest in access is especially great. Again, the parties are requesting to seal portions of the FAC. As the operative pleading in the case, the FAC is essential to the "public's understanding" of the suit, *Kamakana*, 447 F.3d at 1179, perhaps more so than any other filing on the docket. What is more, the particular allegations the parties seek to seal are critical to establishing Tevra's claims. They include, for instance, descriptions of the key terms in Bayer's contracts with its dealers. These contractual terms are the allegedly anticompetitive practices Tevra challenges. Similarly, the large price difference between Tevra's products and Bayer's products explains why Bayer allegedly resorts to its anticompetitive practices. Without access to these allegations, the public cannot meaningfully comprehend the subject matter of the suit, let alone its merits.

Such a great public interest in disclosure can be overcome only by equally compelling reasons to seal. Yet, the parties have failed to articulate with any specificity how disclosure would cause competitive harm to them. Their blanket claims that their "competitive standing[s] could be significantly harmed" by disclosure are not only conclusory and vague, they also generalize across all the information sought to be sealed. ECF 85 ¶ 3; *see* ECF 78 at 2; ECF 90 ¶ 3; ECF 87-1 ¶ 4. "[C]onclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182 (requiring a specific compelling reason for each redaction rather than "a general category of privilege").

Of course, the public does not require access to all the minutia of Bayer's agreements with retailers or to product- or customer-specific price terms. These kinds of details are unnecessary to the public's understanding of the suit; they also pose a greater risk of competitive harm. But, having reviewed the parties' proposed redactions, the Court finds that they cover essential

4

contractual terms (as opposed to merely ancillary ones), at a reasonably high level of generality. The parties have not met the compelling reasons standard as to such allegations.

Accordingly, the Court will GRANT the motion to seal only as to product-specific or customer-specific price terms. The motion to seal is otherwise DENIED; however, the Court will allow the parties another opportunity to justify sealing before mandating disclosure.

## III. ORDER

To summarize, the Court rules on the administrative motions to seal, ECF 78, 87, as follows:

| Document | Location | Designating Party | Ruling |
|---|---|---|---|
| FAC, ECF 78-3 | ¶ 3, at p. 1 lines 18-21 | Bayer, *see* ECF 85 ¶ 2 | GRANTED, as confidential price information of Bayer |
| FAC, ECF 78-3 | ¶ 3, at p. 1 lines 22-23 | Tevra, *see* ECF 78-1 ¶ 2 | GRANTED, as confidential price information of Tevra |
| FAC, ECF 78-3 | ¶ 5, at p. 2 lines 16-19 | Bayer, *see* ECF 85 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶ 103, at p. 25 line 6 | Tevra, *see* ECF 78-1 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶ 104, at p. 25 line 8 | Tevra, *see* ECF 78-1 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶ 110, at p. 26 lines 7-13 | Bayer, *see* ECF 85 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶¶ 115-17, at p. 27 lines 15-27 | Bayer, *see* ECF 85 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶¶ 118-122, at p. 28 lines 2-26 | Bayer, *see* ECF 85 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶¶ 123-25, at p. 29 lines 7-9, 15-20 | Bayer, *see* ECF 85 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶ 126, at p. 29 line 23 | Tevra, *see* ECF 78-1 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶ 127, at p. 29-30 | Bayer, *see* ECF 85 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶ 128, at p. 30 lines 5-11 | Bayer, *see* ECF 85 ¶ 2 | DENIED |
| FAC, ECF 78-3 | Table at ¶ 128, at p. 30-31 | Bayer, *see* ECF 85 ¶ 2 | GRANTED, as confidential price information of Bayer |
| FAC, ECF 78-3 | ¶ 129, at p. 31 lines 23-28 | Bayer, *see* ECF 85 ¶ 2 | GRANTED, as confidential price information of Bayer |
| FAC, ECF 78-3 | ¶ 130, at p. 32 lines 3-11 | Bayer, *see* ECF 85 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶ 131, at p. 33 | Bayer, *see* ECF 85 | DENIED |

| | | | |
|---|---|---|---|
| | lines 1-2 | ¶ 2 | |
| FAC, ECF 78-3 | ¶ 131, at p. 33 lines 19-20 | Bayer, *see* ECF 85 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶¶ 139-140, at p. 34 lines 22, 26 | Bayer, *see* ECF 85 ¶ 2 | DENIED. Tevra's projections are not the proprietary information of Bayer, which purports to be the designating party. |
| FAC, ECF 78-3 | ¶ 155, at p. 36 line 28 to p. 37 lines 1-2 | Bayer, *see* ECF 85 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶¶ 158-160, at p. 37 lines 12, 16-17, 19-21 | Bayer, *see* ECF 85 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶¶ 164-65, at p. 38 lines 13-16, 20-25 | Bayer, *see* ECF 85 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶ 170, at p. 39 line 24 | Bayer, *see* ECF 85 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶ 212, at p. 47 lines 18-19 | Bayer, *see* ECF 85 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶ 233, at p. 51 lines 8-10 | Bayer, *see* ECF 85 ¶ 2 | DENIED |
| FAC, ECF 78-3 | ¶ 239, at p. 52 line 14 | Bayer, *see* ECF 85 ¶ 2 | DENIED |
| Red-lined FAC, ECF 78-5 | Same portions identified as to the FAC | Both parties | See ruling as to FAC |
| Plaintiff's Reply, ECF 87-4 | p. 7 line 24 | Bayer, *see* ECF 90 ¶ 2 | DENIED |
| Plaintiff's Reply, ECF 87-4 | p. 8 line 3 | Tevra, *see* ECF 87-1 ¶ 3 | DENIED |
| Plaintiff's Reply, ECF 87-4 | p. 8 lines 13-15 | Bayer, *see* ECF 90 ¶ 2 | DENIED |
| Plaintiff's Reply, ECF 87-4 | p. 9 lines 27-28 | Bayer, *see* ECF 90 ¶ 2 | DENIED |
| Plaintiff's Reply, ECF 87-4 | p. 10 lines 1-2 | Bayer, *see* ECF 90 ¶ 2 | DENIED |
| Plaintiff's Reply, ECF 87-4 | p. 11 lines 18-23 | Bayer, *see* ECF 90 ¶ 2 | DENIED |

Again, the above-listed denials are all WITHOUT PREJUDICE. Any renewed administrative motion to seal the material discussed in this order must be filed by **March 27, 2020**.

**IT IS SO ORDERED.**

Dated: March 16, 2020

_____
BETH LABSON FREEMAN
United States District Judge