NITIN GAMBHIR (SBN 259906)
ngambhir@polsinelli.com
POLSINELLI LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
T:  650-461-7700
F:  650-461-7701

DANIEL D. OWEN (*appearance Pro Hac Vice*)
dowen@polsinelli.com
G. GABRIEL ZOROGASTUA (*appearance Pro Hac Vice*)
gzorogastua@polsinelli.com
POLSINELLI PC
900 w. 48TH Place, Ste. 900
Kansas City, MO 64112
T:  816-753-1000
F:  816-753-1536

ALEXA RAE DICUNZOLO (*appearance Pro Hac Vice*)
adicunzolo@polsinelli.com
POLSINELLI PC
1401 I Street N.W.
Washington, DC 20005
T:  202-783-3300
F:  202-783-3535

Attorneys for Plaintiff
TEVRA BRANDS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| TEVRA BRANDS, LLC, | Case No. 3:19-cv-04312-BLF |
| Plaintiff, | **PLAINTIFF TEVRA BRANDS, LLC'S REPLY IN SUPPORT OF TEVRA'S MOTION FOR ALTERNATIVE SERVICE ON DEFENDANTS BAYER AG AND BAYER ANIMAL HEALTH GMBH** |
| v. | |
| BAYER HEALTHCARE LLC, and BAYER ANIMAL HEALTH GmbH, and BAYER AG, | |
| Defendants. | Date:   August 20, 2020<br>Time:   9:00 a.m.<br>Ctrm:   3, 5th Floor<br>Judge:  Honorable Beth Labson Freeman |

1

## I.    INTRODUCTION

2          Bayer and Arnold & Porter's opposition to Plaintiff Tevra Brands, LLC Motion for

3   Alternative Service (ECF No. 117) ("Opp.") attempts to manufacture legal standards that do not

4   exist under Rule 4(f)(3), which permits the Court to order service by means not prohibited by

5   international agreements.  In the Ninth Circuit, "[a] plaintiff need not pursue other methods of

6   service before requesting that the court authorize an alternative method under Rule 4(f)(3)."

7   *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 563 (C.D. Cal. 2012) (*citing Rio*

8   *Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)).  Accordingly,

9   Bayer's focus on Tevra's alleged missteps, instead of Tevra's good-faith efforts, to effect service

10  under the Hague Convention misses the mark.  Tevra has been attempting to serve the German

11  Defendants for over eight months.

12          Bayer's separate contention that Tevra did not "articulate a colorable basis for suing the

13  two German Defendants" is contradicted by the First Amended Complaint, and in any event, is

14  irrelevant here because this is not a motion to dismiss.  Bayer's other claim that alternative

15  service is unnecessary because Bayer is not "denying essential discovery" to Tevra is similarly

16  irrelevant, and also contradicted by the facts.  Bayer clearly is using delays in service to delay

17  discovery: it objects to searching for relevant documents that are maintained by the German

18  Defendants or that are in German, and with fact discovery closing in October, there is no time to

19  wait additional months for a German court to effect service.  The Court should reject Bayer's

20  attempt to delay the litigation and Tevra's discovery efforts, and instead permit Tevra to serve

21  the German Defendants by email to the German Defendants' counsel in the United States.[1]

22

23

24  _____

25  [1] As noted in Tevra's Motion, and which Arnold & Porter does not dispute, Arnold & Porter has

26  represented the German Defendants in numerous cases.  Tevra's Motion for Alternative Service

27  (ECF No. 116) ("Mot.") at 2-3.

28                                          -1-

## II.     ARGUMENT

"Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means."  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).  Bayer's opposition ignores this controlling case law, as well as the effects of the Coronavirus pandemic on the German court that controls service through the Hague Convention.  The Court should reject Bayer's arguments, and exercise its discretion under Rule 4(f)(3) to allow Tevra to serve the German Defendants via e-mail to their U.S.-based counsel.

### A.     Tevra Has Acted in Good Faith in its Attempts to Serve the German Defendants Pursuant to the Hague Convention

Bayer complains that service has been delayed by Tevra's purported lack of "diligence or care," and argues that the delay justifies further delay in service.  Opp. at 4.  Bayer is wrong, because the purpose of Rule 4(f)(3) is to prevent delays in service, not to prolong them.  There is no requirement for Tevra to attempt to serve Bayer pursuant to the Hague Convention before requesting the relief of alternative service under Rule 4(f)(3).  The Ninth Circuit recognizes that "Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant."  *Rio Properties*, 284 F.3d at 1015.  Under Ninth Circuit case law, this Court grants alternative service when doing so would "prevent further delays in litigation" (*Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, 2017 WL 1378532, at *2 (N.D. Cal. Apr. 11, 2017)) and finds alternative service "particularly appropriate" when plaintiffs have attempted to serve defendants pursuant to the Hague Convention.  *Cheetah Mobile, Inc. v. APUS Grp.*, 2016 WL 4036098, at *3 (N.D. Cal. July 28, 2016).  Here, not only has Tevra attempted in good faith to serve the German Defendants, but Tevra's most recent attempt has been stalled due to Coronavirus-related reductions in the operations of the German court.  Service by email to the German Defendants' counsel will prevent further delays, so Tevra's motion should be granted.

1          For the same reason, nothing requires the Court to wait six months or longer before it

2   grants relief under Rule 4(f).  Tevra is requesting to serve the German Defendants through their

3   United States counsel, so the requested method of alternative service is not subject to the Hague

4   Convention.  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (service

5   on German corporation through its wholly-owned U.S. subsidiary is not subject to the Hague

6   Convention).   In any event, Bayer's argument ignores the effect of the Coronavirus public health

7   crisis on the German court, as well as the Scheduling Order in this case, which currently requires

8   the parties to complete written discovery by September 2020 and deposition discovery by

9   October 2020.[2]

10          As a case on which Bayer relies states, "delays of four to six months warranted

11   substituted service," and "delays of six to eight months warranted substituted service even where

12   plaintiff did not first attempt to complete service through the Hague Convention."  *Prod. &*

13   *Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, 2017 WL 1378532, at *2 (citing *Brown v.*

14   *China Integrated Energy, Inc.*, 285 F.R.D. 560, 563 (C.D. Cal. 2012) and *Richmond Techs., Inc.*

15   *v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *11-12 (N.D. Cal. July 1,

16   2011)).   Even without accounting for the time and expense of translating the Complaint to

17   German, Tevra has been trying to serve the German Defendants since September 2019.  Service

18   by email on the German Defendants is particularly appropriate here where Tevra has attempted

19

20   [2] Bayer also takes issue with the timing of Tevra's motion in relation to meet-and-confer

21   correspondence about alternative service, but cites no authority to support its contention that this

22   warrants the denial of the pending motion.  Regardless, Tevra had every right to file the motion

23   when it did, particularly given Bayer's initial rejection of Tevra's request for service months ago

24   and Bayer's more recent letter, which did not agree without qualification to Tevra's request for

25   alternative service despite Tevra's explanation that a global pandemic was affecting Tevra's

26   efforts to serve the German Bayer Defendants.

27

28

-3-

three times to serve them through the Hague Convention, and its third effort is stalled by the Coronavirus pandemic.  The Central Authority has now had the complete service packet since March 13, 2020, and it still has not been served, nor can Tevra have any confidence that it will be served in the near future.  *See* Stephan Teipel Decl. (ECF No. 116-1) at ¶ 4.

**B.      Tevra Need Not Show that it Will be Prejudiced by Service Under the Hague Convention.**

By claiming that Tevra must show it would be prejudiced by waiting for the German court to serve the German Defendants, Bayer again attempts to inject requirements into Rule 4(f)(3) that do not exist.  Opp. at 7.  Rule 4(f) does not state such a requirement, and Bayer cites no precedent requiring that Tevra show prejudice.  But in fact, Tevra *would be* prejudiced by additional delays in service, because the case has approximately a nine-month discovery schedule, and there are approximately five months left in that schedule.  Accordingly, the risk of prejudice to Tevra weighs in favor of alternative service.

Bayer separately contends that the Court should not allow alternative service because, according to Bayer, Tevra should not have sued the German Defendants.  Specifically, it contends that because Bayer Healthcare LLC, not the German Bayer Defendants, signed agreements with retailers, and that Tevra has not alleged a basis for suing the German Bayer Defendants.  Bayer is wrong.  Tevra's allegations do not rely exclusively on those contracts.  *See* Tevra's First Am. Compl. ¶¶ 11, 13 (alleging that all three defendants jointly engaged in the marketing schemes described in the complaint).  Regardless, this is a motion seeking alternative service, not a motion to dismiss the German Defendants.  Tevra need not prove that its First Amended Complaint will survive a hypothetical motion to dismiss by the German Defendants in order to request alternative service.

Bayer also claims that Tevra does not need alternative service because Tevra is "receiving relevant discovery" (Opp. at 7).  However, Bayer has objected to producing any documents from the German Defendants.  *See* Exhibit A to the Decl. of Daniel D. Owen in Support of Tevra's Reply at ¶ 17 ("For purposes of these Responses, Bayer has construed 'You'

-4-

1    and 'Your' to include only the defendants named in the First Amended Complaint for which

2    Plaintiff has effected proper service, which as of the date of these responses includes only Bayer

3    HealthCare LLC.").  Bayer solidified its refusal to produce documents from the German

4    Defendants by objecting to producing any documents in German.  *See* Ex. A at ¶ 11. [3]  Thus,

5    Bayer's contention that Tevra is "receiving relevant discovery" is not only irrelevant under Rule

6    4(f), but also factually incorrect.

7    **C.    Allowing Alternative Service Would Not Violate Principles of International
8          Comity.**

9         Bayer also argues that allowing alternative service outside of the Hague Convention

10   would violate principles of international comity.  Opp. at 9.  The Supreme Court disagrees, and

11   has held that service on a German corporation through its U.S.-based wholly-owned subsidiary is

12   proper under the Federal Rules and "the Convention has no further implications."

13   *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. at 707.  In addition, this Court has held

14   that German defendants may be served outside of the Hague Convention without violating

15   principles of international comity.  *See Updateme Inc. v. Axel Springer SE*, 2018 WL 306682, at

16   *3 (N.D. Cal. Jan. 5, 2018) (authorizing service on German defendant through its U.S. counsel).

17        Similarly, in *Po-Hai Tang v. CS Clean Sys. AG*, 2011 WL 3235751 (S.D. Cal. July 28,

18   2011), the court authorized alternative service on German defendants even though the "Central

19   Authority informed Plaintiff's counsel that Defendant had requested a German court to instruct

20   the Central Authority to forgo service, and a decision by the court was pending."  *Id.* at * 2.

21   Here, Tevra explains the delays it has faced when attempting service under the Hague

22   Convention, *see* Ortiz Decl. (ECF No. 116-2) at ¶¶ 10-11 & Stephan Teipel Decl. at ¶ 4, and

23   those delays weigh in favor of alternative service.  *Po-Hai Tang* at *2 (noting that "Plaintiff has

24   experienced difficulties serving Defendant by the means specified in the Hague Service

25   Convention").

26

27

28

---

[3] Tevra is in the process of bringing this discovery dispute before Magistrate Judge DeMarchi.

-5-

**D.     Service on Bayer's Counsel Would be Proper**

It is well-established in this Court that "[s]ervice upon a foreign defendant's counsel based in the United States is a common form of substituted service under Rule 4(f)(3) and it comports with due process." *Prod. & Ventures Int'l*, 2017 WL 1378532, at *4; *see also Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Research Inst.*, 2019 WL 5550039, at *3 (N.D. Cal. Oct. 28, 2019); *Updateme Inc. v. Axel Springer SE*, 2018 WL 306682, at *3 (N.D. Cal. Jan. 5, 2018); *Juicero, Inc. v. Itaste Co.*, 2017 WL 3996196, at *2 (N.D. Cal. June 5, 2017); *Cheetah Mobile, Inc. v. APUS Grp.*, 2016 WL 4036098, at *3 (N.D. Cal. July 28, 2016); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 845882, at *3 (N.D. Cal. Mar. 8, 2011); *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. at 566.

Not only has Arnold & Porter represented the German Bayer Defendants in numerous other cases in the United States (Mot. at 2-3), but Bayer does not claim in its Opposition that Arnold & Porter does not or will not represent the German Bayer Defendants in this lawsuit. The declaration submitted by Bayer's lead counsel at Arnold & Porter also does not dispute that the firm represents the German Bayer Defendants. *See* Asimow Decl. (ECF No. 117-1) at 1. Indeed, Arnold & Porter has already admitted that it will enter an appearance on behalf of the German Bayer Defendants in this lawsuit after they are served, which shows that the German Bayer Defendants are on actual notice of this lawsuit. *See, e.g.*, Dec. CMC Hearing Tr. (ECF No. 63) at 6:4-6 ("My instructions are that if [the German Bayer Defendants] are served, I am to move to dismiss for lack of personal jurisdiction . . . ."). Even assuming *arguendo* that Arnold & Porter did not represent the German Bayer Defendants here, service through Arnold & Porter would still be reasonably calculated to apprise the German Bayer Defendants of the lawsuit's pendency. *See Prod. & Ventures Int'l*, 2017 WL 1378532, at *4 ("Courts in the Ninth Circuit have ordered service through United States-based counsel even when counsel has refused to accept service on the ground that they do not represent the international defendants."). Accordingly, the case law in this Circuit is clear that authorizing service on a foreign defendant's U.S.-based counsel does not conflict with the "purpose or intent of the Federal Rules or the

-6-

1    Convention itself." Opp. at 10.

2    **III.      CONCLUSION**

3            For the foregoing reasons, Tevra respectfully requests that the Court authorize service

4    upon the German Defendants via e-mail and mail to counsel of record for Bayer HealthCare

5    LLC, the wholly owned U.S. subsidiary of Bayer AG.

6

7     Dated:  June 5, 2020                              Respectfully Submitted,

8                                                       POLSINELLI LLP

9

10                                                      */s/ Daniel D. Owen*
                                        By:    Daniel D. Owen

11

12                                                     Attorneys for Plaintiff
                                                       TEVRA BRANDS, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28