UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVRA BRANDS LLC,<br><br>Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE LLC, et al.,<br><br>Defendants. | Case No.  19-cv-04312-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL AT ECF 171, 174; DIRECTING PARTIES TO SUBMIT PROPOSED REDACTIONS TO DISCOVERY ORDER** |

Before the Court are Plaintiff Tevra Brands LLC's ("Tevra") motions to file under seal portions of its briefing in support of its request for jurisdictional discovery, along with accompanying exhibits. *See* ECF 171 (opening brief), 174 (reply brief). For the reasons that follow, the motion to seal is GRANTED IN PART and DENIED IN PART.

**I.     LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id*. (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Parties moving to seal documents must also comply with the procedures established by

Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II.     DISCUSSION

The Court has reviewed the sealing motions. The basis of Tevra's requests, as detailed in the accompanying Declaration of Daniel D. Owen, is that the information is designated as "Highly Confidential – Attorneys' Eyes Only" or is otherwise deemed as confidential by Defendant Bayer HealthCare LLC ("Bayer"). *See* ECF 171-1 at 1-2; ECF 174-1 at 1. Bayer filed a declaration in support of the motions, noting that the information sought to be sealed in Tevra's motions "contain[s] highly confidential, sensitive business information of Bayer and Bayer's customers relating to Bayer's agreements, pricing arrangements with retailers, sales and product strategy, and competitive analysis." ECF 178 at 2.

The Court finds that while some of Tevra's requests are compelling given they implicate Bayer's financial and business information, some are overbroad and concern information that appears to be publicly available. *See Wasito v. City of San Diego*, 2019 WL 6877554, at *2 (S.D. Cal. Dec. 16, 2019) (denying sealing request as "overbroad" because information appeared to already be publicly available); *Krieger v. Atheros Commc'ns, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (granting sealing request of "long–term financial projections, discussions of business strategy, and competitive analyses"). The Court's rulings on the sealing requests are set forth in the table below.

| ECF No. | Document to Be Sealed | Result | Reasoning |
|---|---|---|---|
| 171-3 | Opening brief in support of jurisdictional discovery request | Highlighted portions at: p. 2, lines 20-21; p. 3, lines 5-11. | Granted, as to all highlighted portions. |
| 171-5 | Exhibit A | Highlighted portions at: p. 3, lines 2-13, 18-27; p. 4, lines 1-5, 11-23, 26. | Granted, as to all highlighted portions. |
| 171-7 | Exhibit B | Highlighted portions at: p. 2, lines 19-22, 24-27; p. 3, lines 1-6; p. 4, lines 16-17. | Granted, except as to highlighted portion at p. 2 lines 19-22. The request as to the information at p. 2 lines 19-22 is overbroad as it is publicly available. *See Wasito*, 2019 WL 6877554, at *2; *see, e.g.*, ECF 172. |
| 171-9 | Exhibit C | Highlighted portions at: p. 1, lines 22, 24; p. 3, lines 6-17, 20, 23-27; p. 4, lines 1-10, 16-27; p. 5, lines 1, 4, 8, 12, 18-19, 23-24; p. 6, line 2. | Granted, as to all highlighted portions. |
| 171-11 | Exhibit D | Highlighted portions at: p. 2, lines 18-20, 22-23, 25-27; p. 3, lines 1, 3-4, 6-18, 20-27; p. 4, lines 1-2; p. 5, lines 12, 17, 21-22. | Granted, except as to highlighted portion at p. 3 lines 7, 15, 17-18. The request as to the information at p. 3 lines 7, 15, 17-18 is overbroad as it is publicly available. *See Wasito*, 2019 WL 6877554, at *2; *see, e.g.*, ECF 172. |
| 171-13, 14, 15, 16 | Exhibits E, F, G, H | Entire exhibit | Granted, as to all exhibits. |
| 174-3 | Reply Memorandum | Highlighted portions at: p. 2, lines 11-12, 25-26. | Denied as overbroad. The information is a generalized statement of Tevra's jurisdictional theory, and is otherwise discussed in public documents, to include the Complaint and the Court's order granting the German Defendants' motion to dismiss. *See Wasito*, 2019 WL 6877554, at *2; *see, e.g.* ECF 1 at 1-2; ECF 157 at 3-4. |

3

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART the motions to seal at ECF 171 and 174. Accordingly, Tevra is DIRECTED to file an unredacted reply memorandum, as well as partially unredacted versions of Exhibits B and D. Finally, in light of the above guidance, the parties are DIRECTED to propose stipulated redactions to the Court's October 20, 2020 jurisdictional discovery order, ECF 179, **no later than November 4, 2020**.

**IT IS SO ORDERED.**

Dated: October 28, 2020

_____
BETH LABSON FREEMAN
United States District Judge