UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVRA BRANDS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE LLC, et al.,<br><br>    Defendants. | Case No.  19-cv-04312-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL AT ECF 130** |

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Tevra Brands, LLC ("Plaintiff" or "Tevra") moves for administrative relief to file under seal portions of its Brief in Opposition to Defendants' Motion to Dismiss the First Amended Complaint. ECF 130.

I.   **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id*. (quoting *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp*., 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm

their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013).  Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.  *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."  Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

1 highlighting or other clear method, the portions of the document that have been omitted from the
2 redacted version." Civ. L.R. 79-5(d)(1)(d).  "Within 4 days of the filing of the Administrative
3 Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
4 79-5(d)(1)(A) establishing that all of the designated material is sealable."  Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed the sealing motion. The basis of Tevra's request, as detailed in the accompanying Declaration of Daniel D. Owen, is that the information is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Defendant Bayer HealthCare LLC ("Bayer"). *See* ECF 130-1 at 1-2. Bayer filed a declaration in support of the motion, noting that the information sought to be sealed in Tevra's motion "contain[s] highly confidential, sensitive business information of Bayer and Bayer's customers relating to Bayer's agreements, pricing arrangements with retailers, sales and product strategy, and competitive analysis." ECF 134 at 2.

The Court finds that while some of Tevra's requests are compelling given they implicate Bayer's financial and business information, some are overbroad or concern information that appears to be publicly available. *See Wasito v. City of San Diego*, 2019 WL6877554, at *2 (S.D. Cal. Dec. 16, 2019) (denying sealing request as "overbroad" because information appeared to already be publicly available); *Krieger v. Atheros Commc'ns, Inc*., 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (granting sealing request of "long–term financial projections, discussions of business strategy, and competitive analyses"). The Court's rulings on the sealing request is set forth in the table below.

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| ECF 132 | Plaintiff's Brief in Opposition | GRANTED as to highlighted portions at page 8, lines 6-10, 12-27; page 9, lines 2-10, 12-14, 16-18; and page 10, lines 1, 5-6. | The request as to the highlighted portions at page 6, lines 17-18; page 7, lines 2-3, 5-7, 9-16; page 9, lines 24-27; and page 13, lines 17-19 is overbroad. The Court notes that the parties had no objection to some of this information being filed publicly in the Court's order on the motion. *See, e.g.*, |

3

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | DENIED as to highlighted portions at page 6, lines 17-18; page 7, lines 2-3, 5-7, 9-16; page 9, lines 24-27; and page 13, lines 17-19. | ECF 157 (order on motion); ECF 158 (order requesting redactions on motion). The remaining highlighted portions contain confidential information relating to Bayer's agreements with retailers and Bayer's internal financial and business strategies. |
| ECF 132-9-25 | Exhibits H-X | GRANTED as to Exhibits H, I, K, L, M, N, O, P, Q, R, S, T, U, V, W, and X. DENIED as to Exhibit J. | The sealing request is overbroad as to Exhibit J as it appears to contain publicly available information. *See Wasito*, 2019 WL 6877554, at *2. The information in the remaining exhibits contains confidential information relating to Bayer's agreements with retailers and Bayer's internal financial and business strategies. |

### III.     ORDER

For the foregoing reasons, Tevra's Motion to Seal at ECF 130 is GRANTED IN PART and DENIED IN PART. Tevra is DIRECTED to file its opposition brief and Exhibit J with partial redactions based on the above guidance.

**IT IS SO ORDERED.**

Dated: December 3, 2020

_____
BETH LABSON FREEMAN
United States District Judge