# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| TEVRA BRANDS LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>BAYER HEALTHCARE LLC, et al.,<br><br>  Defendants. | Case No. 19-cv-04312-BLF<br><br>**ORDER RE ADMINISTRATIVE MOTIONS TO SEAL PORTIONS OF AND EXHIBITS TO SECOND AMENDED COMPLAINT AND MOTION TO DISMISS BRIEFING**<br><br>[Re: ECF Nos. 195, 199, 210, 215] |

Before the Court are Plaintiff Tevra Brands LLC's ("Tevra") administrative motions to file under seal portions of (1) the Second Amended Complaint, ECF No. 195, and (2) Plaintiff's Opposition to Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 210, and Defendants' (collectively, "Bayer") administrative motions to file under seal portions of and exhibits to (3) Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 199, and (4) Defendants' Reply in support of the Motion to Dismiss, ECF No. 215. Having reviewed the parties' submissions and applicable sealing law, the Court GRANTS IN PART and DENIES IN PART the administrative motions.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might … become a vehicle for improper purposes,'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598), such as: "to gratify private spite, promote public scandal, circulate libelous statements," *id.*; to "release trade secrets," *id.*; or "as sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598-99). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Further, "[b]road allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). The request must also "be narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(b). Section (d) lays out the procedural requirements for an administrative motion to seal, namely, a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable," a proposed order that "lists in table format each

1  document or portion thereof that is sought to be sealed," and an "unredacted version of the
2  document" that "indicate[s], by highlighting or other clear method, the portions of the document
3  that have been omitted from the redacted version." Civ. L.R. 79-5(d). "Within 4 days of the filing
4  of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as
5  required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."
6  Civ. L.R. 79-5(e)(1).

**II.     DISCUSSION**

The Court has reviewed the sealing motions. The basis of the parties' requests is that the information has been designated as either "Highly Confidential - Attorneys' Eyes Only" or "Confidential" by Plaintiff or Defendants. ECF No. 195-1 at 1; ECF No. 198 at 1; ECF No. 199-1 ¶ 3; ECF No. 210-1 at 1; ECF No. 214 ¶ 3. For Plaintiffs' two sealing motions, Defendants filed declarations in support, noting that the information sought to be sealed in Tevra's motions contains Defendants' confidential information. *See* ECF Nos. 198, 214. Plaintiffs seek to seal information about "offers to retailers and comparing its pricing to Bayer's pricing." ECF No. 195-1 ¶ 2. Defendants seek to seal information regarding "internal financial and business strategies, pricing, and retailer agreements." ECF No. 215 at 1.

The Court finds that the parties' requests are compelling given the sensitive financial and business information at issue. *See, e.g.*, *In re Electronic Arts*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (quoting *In re Apple Inc. Device Performance Litig.*, No. 5:19-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019)); *Krieger v. Atheros Commc'ns, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (granting sealing request of "long-term financial projections, discussions of business strategy, and competitive analyses").

The Court's rulings on the sealing requests are set forth in the table below:

3

| ECF No. | Location | Party | Ruling |
|---|---|---|---|
| ECF No. 195-3 | p. 2, lines 3-5; p. 14, line 8, 19-21, 25-26, 28, p. 15, line 1, 16, 18-19, 26-28; p. 17, lines 8-10, 18; p. 20, lines 16-17, 25-26; p. 30, lines 13-14; p. 31, lines 3, 5-7, 11-14, 25, 28; p. 32, lines 1-3, 5-7, 11-12, 16, 18, 20; p. 33, lines 4-11, 13-18, 22-24, 28; p. 37, lines 26-28; p. 38, lines 1-8, 13, 15-17, 19-22, 24-26; p. 39, lines 1-7, 11; p. 40, line 6 to p. 41, line 15; p. 44, lines 5-9, 25-27; p. 45, lines 1, 3-7; p. 46, lines 7, 25; p. 47, lines 10-12, 17, 21-23, 26-27; p. 48, lines 2-3, 8-10, 14-16, 20-22, 26-28; p. 49, lines 1-4, 7-12, 13-18 | Bayer, *see* ECF No. 198 ¶ 2 | DENIED as to p. 39 line 11. Bayer does not designate this information as confidential. *See* ECF No. 198 ¶ 2.<br><br>GRANTED as to all other excerpts, as confidential internal financial and business information of Bayer. |
| ECF No. 195-3 | p. 2, lines 7-8 | Tevra, *see* ECF No. 195-1 ¶ 2 | GRANTED, as confidential internal financial and business information of Tevra. |
| ECF No. 199-12 | p. 8, line 26; p. 9, lines 13-19; p. 11, line 4; p. 12, lines 9-15, 17-21, and 23-27; p. 13, lines 4-11; p. 16, lines 22-26; p. 20, lines 23-25; p. 21, line 21; p. 22, lines 12-17 | Bayer, *see* ECF No. 199-1 ¶ 2 | GRANTED, as confidential internal financial and business information of Bayer. |
| ECF No. 200, Exs. 1-11 (ECF Nos. 199-2 to 199-11) | Entire exhibits | Bayer, *see* ECF No. 199-1 ¶ 2 | GRANTED, as confidential internal financial and business information of Bayer.<br><br>The Court notes that Defendants failed to file an unredacted copy of Exhibit 11 to ECF No. 200. The Court REQUESTS that Defendants file an unredacted copy of this exhibit under seal. |

4

| ECF No. | Location | Party | Ruling |
|---|---|---|---|
| ECF No. 210-4 | p. 1, line 11; p. 7, lines 18, 19; p. 8, lines 1, 5, 8, 9, 11, 12, 24-26; p. 9, lines 3-6, 11-15, 20-21; p. 11, lines 4, 5; p. 14 line 25; p. 16, lines 10, 13; p. 17, line 11-12; p. 19, lines 23-26; p. 20, lines 1-3, 5-9, 11- 13, 18-20; p. 21, lines 13- 15, 18 | Bayer, *see* ECF No. 214 ¶ 2 | DENIED as to p. 1, line 11; p. 8, lines 8-9, 11; p. 16, line 10; p. 17, lines 11-12; p. 21 lines 13-15, 18.  Bayer does not designate this information as confidential. *See* ECF No. 214 ¶ 2.<br><br>GRANTED as to the other excerpts, as confidential internal financial and business information of Bayer. |
| ECF No. 215-2 | p. 5, lines 16-17; p. 6, lines 10, 12-14, 16-19; p. 7, lines 3-4, 6-7; p. 8, lines 11-16; p. 9, lines 13-15; p. 10, lines 9-11; p. 13, lines 18-19; p. 14, lines 1-2, 5-8 | Bayer, *see* ECF No. 215 at 1 | DENIED as to p. 10, lines 9-11.  Bayer states this is Tevra's confidential information, ECF No. 215 at 1, but Tevra did not provide a declaration in support of the confidentiality of this information.<br><br>GRANTED as to all other excerpts, as confidential internal financial and business information of Bayer. |
| ECF No. 216, Exs. 1-3 (ECF Nos. 215-4, 215-6, 215-8) | Entire exhibits | Bayer, *see* ECF No. 215 at 1 | DENIED as to ECF No. 216, Ex. 2 (ECF No. 215-6). Bayer states this is Tevra's confidential information, ECF No. 215 at 2, but Tevra did not provide a declaration in support of the confidentiality of this information.<br><br>GRANTED as to the other exhibits, as confidential internal financial and business information of Bayer. |

### III.     ORDER

According to the above reasoning, the parties' administrative motions are GRANTED IN

5

PART and DENIED IN PART.  The above-listed denials are all WITHOUT PREJUDICE.  Any renewed administrative motion to seal the material discussed in this order must be filed by **October 14, 2021**.

**IT IS SO ORDERED.**

Dated: October 7, 2021

_____
BETH LABSON FREEMAN
United States District Judge