United States District Court
Northern District of California

1

2

3          **UNITED STATES DISTRICT COURT**

4          **NORTHERN DISTRICT OF CALIFORNIA**

5          **SAN JOSE DIVISION**

6

7    TEVRA BRANDS LLC,                          Case No.  19-cv-04312-BLF

8              Plaintiff,

9          v.                                   **ORDER GRANTING
                                                ADMINISTRATIVE MOTION TO**
10   BAYER HEALTHCARE LLC, et al.,              **SEAL**

11             Defendants.                      [Re:  ECF No. 343]

12

13         Before the court is Bayer's Administrative Motion to File Under Seal Portions of Order

14   Granting in Part and Denying in Part Defendant's Motion for Summary Judgment.  ECF No. 343.

15   For the reasons described below, the administrative motion is GRANTED.

16   **I.     LEGAL STANDARD**

17         "Historically, courts have recognized a 'general right to inspect and copy public records

18   and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of*

19   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

20   U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong

21   presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

22   *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to

23   motions that are "more than tangentially related to the underlying cause of action" bear the burden

24   of overcoming the presumption with "compelling reasons" that outweigh the general history of

25   access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

26   1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

27         Records attached to motions that are "not related, or only tangentially related, to the merits

28   of a case," however, are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809

F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II.   DISCUSSION

Bayer seeks to seal selected portions of the Court's recent summary judgment order. ECF No. 343; ECF No. 343-1. Bayer writes that the information should be sealed because "highlighted portions of the Order contain highly confidential, sensitive business information relating to pricing arrangements, sales and product strategy, retailer agreements, and customers. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. If this information were made public, competitors and counterparts would have insight into how Elanco, as successor to Bayer HealthCare LLC, structures its business arrangements, allowing them to modify their own business strategy." ECF No. 343-1 ¶ 4. Bayer argues that the portions are narrowly tailored. *Id.* ¶ 6.

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard).

The Court's ruling is summarized below:

| ECF or Exhibit No. | Portion(s) to Seal | Ruling |
|---|---|---|
| ECF No. 322 | Highlighted portions at 2:10; 3:6; 6:26; 8:9, 11, 25, 26; 12:10-11, 15-16, 26- 28; 13:1-8, 17-19, 22- 26; 14:4, 22. | Granted, as it contains confidential information relating to internal financial and business strategies and pricing.<br><br>Furthermore, the highlighted portions at 2:10; 12:10- 11, 15-16, 26, 28; 13:2, 4, 23-24, 26 contain competitively sensitive information details of Bayer's retailer agreements.<br><br>Furthermore, the highlighted portions at 3:6; 6:26; 8:9, 11, 25, 26; 14:4 contain competitively sensitive details regarding Bayer's pricing strategy.<br><br>Furthermore, the highlighted portions at 12:27; 13:1- 8, 17-19, 22, 25-26; 14:22 contain competitively sensitive information regarding the identity of customers with whom Bayer contracts. |

## III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Bayer's administrative motion is GRANTED.

Dated: May 1, 2024

BETH LABSON FREEMAN
United States District Judge

3