UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVRA BRANDS LLC,<br><br>Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE LLC, et al.,<br><br>Defendants. | Case No. 19-cv-04312-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS**<br><br>[Re: ECF Nos. 334, 336] |

Before the court are two administrative motions filed in connection with two recent hearings:

1. Joint Administrative Motion to File Under Seal Portions of March 21, 2024 Summary Judgment Hearing Transcript. ECF No. 334.
2. Joint Administrative Motion to File Under Seal Portions of April 18, 2024 Daubert Hearing Transcript. ECF No. 336.

For the reasons described below, the administrative motions at are GRANTED.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of

1  access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d
2  1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

3    Records attached to motions that are "not related, or only tangentially related, to the merits
4  of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809
5  F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to
6  court records attached only to non-dispositive motions because those documents are often
7  unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal
8  the documents attached to such motions must meet the lower "good cause" standard of Rule
9  26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard
10 requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the
11 information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
12 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated
13 by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins.
14 Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II. DISCUSSION

### A. ECF No. 334

The parties seek to seal selected portions of the March 21, 2024 summary judgment transcript. ECF No. 334 ¶ 7. Bayer writes that the information should be sealed because "[i]f this information were made public, competitors and counterparts would have insight into how Elanco, as successor to Bayer HealthCare LLC, structures its business arrangements, allowing them to modify their own business strategy." ECF No. 334-1 ¶ 4. Bayer argues that the portions are narrowly tailored. *Id.* ¶ 6. Tevra writes that the information should be sealed because "[p]ublicizing this information would allow Tevra's competitors insight into Tevra's offers to retailers, allowing them to modify their business strategy." ECF No. 335 ¶ 4. Tevra argues that the portions are narrowly tailored. *Id.* ¶ 5.

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under

1  "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG,
2  2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential
3  business information" in the form of "business strategies" sealable under the compelling reasons
4  standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 334-4 | March 21, 2024 Summary Judgment Hearing Transcript | Highlighted portions at page 55, lines 10, 12, 14, 21-23; page 56, lines 8, 10; page 57, line 12; page 59, lines 10-12, 15, 17, 23; page 60, lines 19-20; page 61, lines 1-2; page 63, lines 16-18, 22, 24-25; page 64, lines 1, 3-4; page 87, line 24. | Granted, as the portions contain confidential and competitively sensitive information relating to the details of Bayer's retailer agreements and identity of retailers with whom Bayer contracts. |
| ECF No. 334-4 | March 21, 2024 Summary Judgment Hearing Transcript | Highlighted portions at page 60, lines 5, 8. | Granted, as the portions contain confidential and competitively sensitive information relating to Tevra's pricing arrangements. |

### B.  ECF No. 336

The parties seek to seal selected portions of the April 18, 2024 *Daubert* transcript. ECF No. 336. Bayer writes that the information should be sealed because "[i]f this information were made public, competitors and counterparts would have insight into Bayer's competitive strategies and business arrangements, allowing them to modify their own business strategy." *Id.* at 1. Bayer argues that the portions are narrowly tailored. *Id.* at 2. Tevra writes that the information should be sealed because "retailers would have insight as to how much Tevra sells and Tevra's position in the market based on the estimate using confidential sales data and could choose to change their future negotiation strategy or order quantities based on this new information." ECF No. 338 ¶ 7. Tevra argues that the portions are narrowly tailored. *Id.* at 2.

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under

3

"compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
|  | April 18, 2024 Daubert Hearing Transcript | Highlighted portions at page 26, line 5 and page 52, lines 11-13 | Granted, as the portions contain confidential and competitively sensitive information relating to Bayer's retailer and license agreements. |
|  | April 18, 2024 Daubert Hearing Transcript | Highlighted portions at page 9 line 22; page 23 lines 12-13; page 31 line 15; page 38 line 16. | Granted, as the portions contain highly confidential information regarding Tevra's unit sales data (page 23), and alleged percent estimates of Tevra's market share based on confidential past sales data (page 9, 31, 38). |

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. ECF No. 334 is GRANTED.
2. ECF No. 336 is GRANTED.

Dated: May 6, 2024

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　BETH LABSON FREEMAN
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge