UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVRA BRANDS LLC,<br><br>Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE LLC, et al.,<br><br>Defendants. | Case No. 19-cv-04312-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF No. 350] |

Before the court is the parties' Joint Administrative Motion to File Under Seal Portions of the April 30, 2024 Daubert Order. ECF No. 350; *see also* ECF No. 351. For the reasons described below, the administrative motion is GRANTED IN PART AND DENIED IN PART.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809

F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II.   DISCUSSION

Tevra seeks to seal selected portions of the *Daubert* order. ECF No. 350. Tevra writes that the information should be sealed because "retailers would have insight into confidential retailer communications and Tevra's business concerns, which could influence their decisions in choosing another brand over Tevra, altering order quantity, or using those concerns in contract negotiations." *Id.* at 3. Tevra argues that the portions are narrowly tailored. *Id.*

Bayer also seeks to seal selected portions of the *Daubert* order. *Id.* Bayer writes that the information should be sealed because "these portions of the Order contain highly confidential, sensitive business information of Bayer HealthCare LLC relating to its internal business strategies, including competitively sensitive information regarding Bayer's retailer and licensing agreements and customers." *Id.* at 3. Bayer argues that the portions are narrowly tailored. *Id.* at 4.

The Court finds that compelling reasons exist to seal some of the highlighted portions of the document, except as noted in the table below. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request

is narrowly tailored, except as noted in the table below.

The Court's ruling is summarized below:

| Document | Portion(s) to Seal | Ruling |
|---|---|---|
| | Highlighted portions at 2:2. | **DENIED**, as this information is already public.  See ECF No. 164 at 18:26. |
| | Highlighted portions at 12:18-20 | **DENIED**, as Tevra has not explained what makes the content of the communications confidential.  See ECF No. 333 at 3 (denying a similar request "as overly broad and because Bayer has not described why information such as the content of emails to distributors is confidential."). |
| | Highlighted portions at 12:22. | GRANTED, as previously sealed for the reasons described in ECF No. 321 at 8; ECF No. 348 at 4. |
| | Highlighted portions at 11:27. | **DENIED**, as this information is already public.  See ECF No. 302-2 ¶ 129 n.167; https://www.spglobal.com/marketintelligence/en/news-insights/trending/KyWQrTBG1VOgJMvPgXuKIA2 |
| | Highlighted portions at 13:5. | GRANTED, as it contains competitively sensitive information regarding the identity of customers with whom Bayer contracts.  See ECF No. 351. |

### III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the administrative motion is GRANTED IN PART AND DENIED IN PART.  All denials are WITHOUT PREJUDICE. Any refiled administrative motion SHALL be filed no later than **May 14, 2024**.

Dated: May 7, 2024

_____
BETH LABSON FREEMAN
United States District Judge