# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| TEVRA BRANDS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>BAYER HEALTHCARE LLC, et al.,<br><br>    Defendants. | Case No. 19-cv-04312-BLF<br><br>**OMNIBUS MIL SEALING ORDER**<br><br>[Re: ECF Nos. 366, 369, 375, 377, 379, 381, 383, 385] |

Before the court are eight administrative motions filed in connection with the parties' motions *in limine*:

1. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  ECF No. 366.
2. Administrative Motion to File Under Seal.  ECF No. 369.
3. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  ECF No. 375.
4. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  ECF No. 377.
5. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  ECF No. 379.
6. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  ECF No. 381.
7. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  ECF No. 383.
8. Administrative Motion to File Under Seal.  ECF No. 385.

1　　For the reasons described below, the Court rules as follows: the administrative motions at ECF Nos. 369, 375, 377, and 379 are GRANTED; the administrative motions at ECF Nos. 366, 381, and 383 are GRANTED IN PART AND DENIED IN PART; the administrative motion at ECF No. 385 is DENIED.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

\\

## II. DISCUSSION

### A. ECF No. 366

Tevra filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on May 30, 2024. ECF No. 366. Bayer submitted a declaration. ECF No. 385-1. Bayer seeks to seal selected portions of Motion *in Limine* No. 1 and its corresponding exhibits. *Id.* ¶ 2. Bayer writes that the information should be sealed because it contains "competitively sensitive business information relating to Bayer's internal business strategy and practices, including Bayer's analysis of the flea and tick market and Bayer's surveying practices and methodology" and because the information has been "designated as either 'Highly Confidential – Attorneys' Eyes Only' or Confidential.'" *Id.* ¶ 3. Bayer argues that the portions are narrowly tailored. *Id.* ¶ 6.

Except as noted below, the Court finds that good cause exists to seal the highlighted portions of the document. *Kamakana*, 447 F.3d at 1179; *see Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court finds that the request is narrowly tailored. Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF 366-1 | Tevra's Motion in Limine No. 1 to Exclude the Bayer-Commissioned Consumer Study ("Tevra's Motion *in Limine* No. 1") | Highlighted portions at p. 5, lines 8, 13. | **DENIED** as to p. 5, line 8 as it is already publicly disclosed. ECF No. 360 at 5:9.<br><br>GRANTED, as to p. 5, line 13 as it contains competitively sensitive information relating to Bayer's internal business strategy and practices. *See* ECF No. 385-1 ¶¶ 4-5. |

| ECF 366-3 | McNally Decl. Ex. A (BAH000277771) | Entire exhibit | GRANTED as the cited document contains competitively sensitive information relating to Bayer's internal business strategy and practices. *See* ECF No. 385-1. ¶¶ 4-5. |
| ECF 366-4 | McNally Decl. Ex. B (BAH000225558) | Entire exhibit | GRANTED as the cited document contains competitively sensitive information relating to Bayer's internal business strategy and practices. *See* ECF No. 385-1¶¶ 4-5. |
| ECF 366-5 | McNally Decl. Ex. C (BAH000257273) | Entire exhibit | GRANTED as the cited document contains competitively sensitive information relating to Bayer's internal business strategy and practices. *See* ECF No. 385-1 ¶¶ 4-5. |

### B. ECF No. 369

Bayer filed the Administrative Motion to File Under Seal on May 30, 2024. ECF No. 369. Bayer seeks to seal selected portions of Bayer's Motion *in Limine* No. 4 and Motion *in Limine* No. 5. ECF No. 369-1 ¶ 2. Bayer writes that the information should be sealed because, "if this information were made public, competitors and counterparts would have insight into how Elanco, as successor to Bayer HealthCare LLC, structures its business arrangements, allowing them to modify their own business strategy." *Id.* ¶ 5. Bayer argues that the portions are narrowly tailored. *Id.* ¶ 7.

The Court finds that good cause exists to seal the highlighted portions of the documents. *Kamakana*, 447 F.3d at 1179; *see Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court finds that the request is narrowly tailored. Civ. L.R. 79-5(c)(3).

\\
\\
\\

4

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF 369-3 | Bayer's Motion in Limine No .4 to Exclude Evidence Regarding Retailer Product Removal | Highlighted portions at p. 1, lines 2, 3, 4, 6, 8, 9, 23, 26; p. 2, lines 1, 7, 8, 9, 10, 18, 19, 25; p. 3, lines 1, 2, 3, 16, 18; p. 4, lines 7, 8. | GRANTED as the highlighted portions contain confidential information relating to agreements with retailers and customer information. *See* ECF No. 369-1 ¶¶ 5-6. |
| ECF 369-4 | Bayer's Motion in Limine No. 5 to Preclude Use of the Word "Conspiracy" and Exclude Evidence Regarding Extra-Contractual Arrangements | Highlighted portions at p. 4, lines 25, 26. | GRANTED as the highlighted portions contain confidential information relating to agreements with retailers and customer information. *See* ECF No. 369-1 ¶¶ 5-6. |
| ECF 369-5 | Asimow Decl., Exhibit 5 (Deposition of Scott Bauer) | Highlighted portions at 231:8-12, 17-22 | GRANTED as the highlighted portions contain confidential information relating to agreements with retailers and customer information. See Boshkoff Decl. ¶¶ 5-6. |
| ECF 369-6 | Asimow Decl., Exhibit 6 (Deposition of Chris Diesel) | Highlighted portions at 41:2, 7, 11, 16, 20, 21, 42:5, 6, 9, 11, 24, 25, 43:6, 23, 25, 44:5, 7, 11, 19, 20, 25 | GRANTED as the highlighted portions contain confidential information relating to agreements with retailers and customer information. *See* ECF No. 369-1¶¶ 5-6. |
| ECF 369-7 | Asimow Decl., Exhibit 37 (BAH000040533) | Entire document | GRANTED as the highlighted portions contain confidential information relating to agreements with retailers and customer information. *See* ECF No. 369-1¶¶ 5-6. |

**C.     ECF No. 375**

Bayer filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on May 30, 2024. ECF No. 375. Tevra submitted a declaration. ECF No. 404. Tevra seeks to seal selected portions of Bayer's Motions *in Limine* Nos. 1, 2, and 4 and

5

1  corresponding exhibits. *Id.* ¶ 2. Tevra writes that the information in those documents should be
2  sealed because the "information would harm Tevra's profitability if released publicly" and that it
3  "would also give Tevra's competitors information that could be used to put Tevra at a
4  disadvantage." *Id.* ¶ 3. Tevra also seeks to seal selected portions of thirty-three exhibits attached
5  to Asimow's declaration. *Id.* Tevra writes that this information should be sealed because Tevra
6  argues that the portions are narrowly tailored. *Id.* ¶ 4.

   The Court finds that good cause exists to seal the highlighted portions of the documents.
*Kamakana*, 447 F.3d at 1179; *see Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016
WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's]
products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*,
No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts
have found "confidential business information" in the form of "business strategies" sealable under
the compelling reasons standard.). The Court finds that the request is narrowly tailored. Civ. L.R.
79-5(c)(3).

   The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 375-2 | Defendant Bayer HealthCare LLC's Motion in Limine No. 1 to Exclude Tevra Damages Testimony | Highlighted portions at 2:19-22; 3:13 | GRANTED as it contains discussion of confidential loss estimate. |
| ECF No. 375-3 | Defendant Bayer HealthCare LLC's Motion in Limine No. 2 to Exclude Tevra Hearsay Evidence Regarding Retailer Statements | Highlighted portions at 2:6-14, 19-26; 3:1-23; 4:1-2, 6-7 | GRANTED as it contains confidential communications from named retailers. |

6

| | | | |
|---|---|---|---|
| ECF No. 375-4 | Defendant Bayer HealthCare LLC's Motion in Limine No. 4 to Exclude Evidence Regarding Retailer Product Removal | Highlighted portions at 3:7-13 | GRANTED as the cited portions contains exact figures offered to named retailers as part of Tevra's offer to contract to sell generic imidacloprid topicals. |
| ECF No. 375-6 | Asimow Decl. Ex. 1 | Highlighted portions at 142:1-144:25<br><br>Non-highlighted lines: 160:21-23 | GRANTED as it contains confidential sales information. |
| ECF No. 375-7 | Asimow Decl. Ex. 2 | Highlighted portions at 132:17, 21-24; 133:4-6; 158:4, 11; 159:6-14; 162:10-13; 169:6-7, 20; 170:15-17; 249:2, 5-6, 8-12, 16, 22; 250:1, 16, 18, 24; 298:1-23 | GRANTED as discusses communications with named retailers. |
| ECF No. 375-8 | Asimow Decl. Ex. 3 | Highlighted portions at 58:2, 5, 8, 11; 89:6-7, 9, 18-19, 22-24; 178:1-2, 5-11, 14, 16; 179:11, 24 | GRANTED as the cited portions contain names of retailers Tevra approached or dealt with. |
| ECF No. 375-9 | Asimow Decl. Ex. 7 | Highlighted portions at 161:6-8, 11-25; 162:3. | GRANTED as it discusses confidential proposals to named retailers and competitive strategy. |
| ECF No. 375-10 | Asimow Decl. Ex. 8 | Entire Exhibit | GRANTED as the exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-11 | Asimow Decl. Ex. 9 | Entire Exhibit | GRANTED as this exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |

| | | | |
|---|---|---|---|
| ECF No. 375-12 | Asimow Decl. Ex. 10 | Entire Exhibit | GRANTED as this exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-13 | Asimow Decl. Ex. 11 | Entire Exhibit | GRANTED as the exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-14 | Asimow Decl. Ex. 12 | Entire Exhibit | GRANTED as this exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-15 | Asimow Decl. Ex. 13 | Entire Exhibit | GRANTED as the exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-16 | Asimow Decl. Ex. 14 | Entire Exhibit | GRANTED as this exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-17 | Asimow Decl. Ex. 15 | Entire Exhibit | GRANTED as this exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-18 | Asimow Decl. Ex. 16 | Entire Exhibit | GRANTED as the exhibit contains confidential internal account notes and business strategy regarding named retailers that Tevra was attempting to contract with. |

| | | | |
|---|---|---|---|
| ECF No. 375-19 | Asimow Decl. Ex. 17 | Entire Exhibit | GRANTED as this exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-20 | Asimow Decl. Ex. 18 | Entire Exhibit | GRANTED as the exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-21 | Asimow Decl. Ex. 19 | Entire Exhibit | GRANTED as this exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-22 | Asimow Decl. Ex. 20 | Entire Exhibit | GRANTED as this exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-23 | Asimow Decl. Ex. 21 | Entire Exhibit | GRANTED as the exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-24 | Asimow Decl. Ex. 22 | Entire Exhibit | GRANTED exhibit contains confidential internal research and development information, including information on Tevra's product formula |
| ECF No. 375-25 | Asimow Decl. Ex. 23 | Entire Exhibit | GRANTED as this exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |

| | | | |
|---|---|---|---|
| ECF No. 375-26 | Asimow Decl. Ex. 24 | Entire Exhibit | GRANTED as this exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-27 | Asimow Decl. Ex. 25 | Entire Exhibit | GRANTED as the exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-28 | Asimow Decl. Ex. 26 | Entire Exhibit | GRANTED as the exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-29 | Asimow Decl. Ex. 27 | Entire Exhibit | GRANTED as the exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-30 | Asimow Decl. Ex. 28 | Entire Exhibit | GRANTED as the exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-31 | Asimow Decl. Ex. 29 | Entire Exhibit | GRANTED as the exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-32 | Asimow Decl. Ex. 30 | Entire Exhibit | GRANTED as the exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-33 | Asimow Decl. Ex. 31 | Entire Exhibit | GRANTED as the exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to |

| | | | contract with. |
|---|---|---|---|
| ECF No. 375-34 | Asimow Decl. Ex. 32 | Entire Exhibit | GRANTED as the exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-35 | Asimow Decl. Ex. 33 | Entire Exhibit | GRANTED as the exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-36 | Asimow Decl. Ex. 34 | Entire Exhibit | GRANTED as the exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |
| ECF No. 375-37 | Asimow Decl. Ex. 35 | Entire Exhibit | GRANTED as the exhibit contains confidential internal communications and business strategy regarding named retailers that Tevra was attempting to contract with. |

**D.     ECF No. 377**

Tevra filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on May 30, 2024.  ECF No. 377.  Bayer submitted a declaration.  ECF No. 401. Bayer seeks to seal selected portions of Tevra's Opposition to Bayer's Motion *in Limine* No. 4. *Id. ¶* 2.  Bayer writes that the information should be sealed because it contains "competitively sensitive business information relating to Bayer's internal business strategy and practices, including Bayer's analysis of the flea and tick market and Bayer's surveying practices and methodology."  *Id.* ¶ 4.  Bayer argues that the portions are narrowly tailored.  *Id. ¶* 6.

The Court finds that good cause exists to seal the highlighted portions of the document. *Kamakana*, 447 F.3d at 1179; *see Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's]

11

products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court finds that the request is narrowly tailored. Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF 377-1 | Plaintiff Tevra's Opposition to Bayer's Motion in Limine No. 4 to Exclude Evidence Regarding Retailer Product Removal | Highlighted portions at p. 1:3, 1:4, 1:7, 1:18, 1:24, 1:26, 1:28, p. 2:3, 2:12, 2:17, 2:25, p. 3:12, 3:19 | GRANTED, as the cited document contains competitively sensitive information relating to Bayer's internal business strategy and practices. *See* ECF No. 401. ¶¶ 4-5. |

### E.  ECF No. 379

Tevra filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on May 30, 2024. ECF No. 379. Bayer submitted a declaration. ECF No. 401. Bayer seeks to seal selected portions of Tevra's Opposition to Bayer's Motion *in Limine* No. 2. *Id.* ¶ 2. Bayer writes that the information should be sealed because "competitively sensitive business information relating to Bayer's internal business strategy and practices, including Bayer's analysis of the flea and tick market and Bayer's surveying practices and methodology." *Id.* ¶ 4. Bayer argues that the portions are narrowly tailored. *Id.* ¶ 6.

The Court finds that good cause exists to seal the highlighted portions of the document. *Kamakana*, 447 F.3d at 1179; *see Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court finds that the request is narrowly tailored. Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF 379-1 | Plaintiff Tevra's Opposition to Bayer's Motion in Limine No. 2 to Exclude Retailer Statements | Highlighted portions at: 2:22- 28; 3:1-13, 18-27; 4:16-23; 5:1-3. | GRANTED, as it contains competitively sensitive information relating to Bayer's internal business strategy and practices. *See* ECF No. 401 ¶¶ 4-5. |

### F.     ECF No. 381

Tevra filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on June 06, 2024.  ECF No. 381.  Bayer submitted a declaration.  ECF No. 401. Bayer seeks to seal the entirety of five exhibits, and selection portions of one exhibit, accompanying Dan Owen's declaration in support of Tevra's Opposition to Bayer's Motion *in Limine* No. 5.  *Id. ¶* 2.  Bayer writes that the information should be sealed because if it "were made public, competitors and counterparts would have insight into how Elanco, as successor to Bayer HealthCare LLC, structures its business arrangements, allowing them to modify their own business strategy." *Id*. ¶ 4.  Bayer argues that the portions are narrowly tailored.  *Id. ¶* 6.

Except as noted below, the Court finds that good cause exists to seal the highlighted portions of the document.  *Kamakana*, 447 F.3d at 1179; *see Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.).  Except as noted below, the Court finds that the request is narrowly tailored.  Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

\\
\\
\\

13

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF 381-1 | Owen Decl. Ex. A in support of Tevra's Opposition to Bayer's Motion in Limine No. 5 (Email Chain) | Entire exhibit | **DENIED** as Bayer has not demonstrated that the information in the attachment is "competitively sensitive," ECF No. 401 ¶¶ 4-5, and the request is not narrowly tailored. |
| ECF 381-2 | Owen Decl. Ex. B in support of Tevra's Opposition to Bayer's Motion in Limine No. 5 (Exhibit 1008) | Entire exhibit | GRANTED as the exhibit contains competitively sensitive information relating to Bayer's internal business strategy and practices. *See* ECF No. 401 ¶¶ 4-5. |
| ECF 381-3 | Owen Decl. Ex. D in support of Tevra's Opposition to Bayer's Motion in Limine No. 5 (Exhibit 1039) | Entire exhibit | GRANTED as the exhibit contains competitively sensitive information relating to Bayer's internal business strategy and practices. *See* ¶¶ ECF No. 401 4-5. |
| ECF 381-4 | Owen Decl. Ex. E in support of Tevra's Opposition to Bayer's Motion in Limine No. 5 (Exhibit 1110) | Entire exhibit | GRANTED as the exhibit contains competitively sensitive information relating to Bayer's internal business strategy and practices. *See* ECF No. 401 ¶¶ 4-5. |
| ECF 381-5 | Owen Decl. Ex. F in support of Tevra's Opposition to Bayer's Motion in Limine No. 5 (Exhibit 1055) | Entire exhibit | GRANTED as the exhibit contains competitively sensitive information relating to Bayer's internal business strategy and practices. *See* ECF No. 401 ¶¶ 4-5. |
| ECF 381-6 | Owen Decl. Ex. G in support of Tevra's Opposition to Bayer's Motion in Limine No. 5 (excerpts of Chris Diesel deposition) | Highlighted portions at 28:12, 24; 29:1-4, 6-7, 9, 12, 16, 21-22, 24-25, 42:1, 5, 6, 9, 11, 24, 25, 43:6, 23, 25, 51:2, 4, 9, 11, 12, 24, 25, 52:5-6, 10-12, 17-18, 54:10-13, 24-25, 55:1-2, 4-6, 8-9, 17-18, 22-24, 56:2-3, 9-10, 16, 18, 23, 24, | GRANTED as the exhibit contains competitively sensitive information relating to Bayer's internal business strategy and practices. *See* ECF No. 401 ¶¶ 4-5. |

14

| | | | |
|---|---|---|---|
| | | 57:4, 9, 10, 15, 18-20, 25, 58:1, 3, 4, 6-8, 14, 15, 18, 19, 22, 23, 61:1, 7, 8, 16, 23, 24, 62:4, 5, 7, 10, 11, 16-18, 22, 23, 63:1-3, 6, 9-11, 16, 19, 22, 23, 64:5-8, 12, 17-20, 25, 65:1-2, 6, 9-10, 66:1-3, 7-10, 13-14, 19-22, 25, 67:4-8, 10, 16-17, 20-25, 96:17-18, 97:1, 4, 6, 11-14, 98:3, 4, 8, 11, 12, 15, 19-22, 99:7, 11, 105:3, 6, 15, 17, 20, 106:1, 2, 6, 8, 13, 15, 17-20, 24-25, 107:11, 12, 108:5, 14-15, 18-19, 24-25, 109:1, 8-9, 23-24, 110:3, 6, 16-17, 20, 24-25, 111:4-8, 10, 22-23, 112:10, 16-17, 23, 113:5-9, 24, 114:6, 8, 25, 115:9, 20, 23, 118:4, 5, 17, 18, 119:1, 3, 6, 13, 16, 120:1, 2, 23, 24, 121:4, 17-19, 122:12-15, 18-20, 23, 25, 125:4-7, 13-19, 126:2-10, 137:2, 4, 24, 138:3, 13, 18-19, 139:4, 9, 10, 13-15, 19-21, 23-25, 140:1, 141:4, 8-9, 12-13, 24, 142:1-2, 20-24, 143:1-3, 5-7, 10, 13-14, 18-19, 21, 23, 144:2, 12, 20-22, 145:8, 14-16, 18, 23-24, 146:9, 13, 16-17, 24-25, 147:7-8, 13-14, 148:3, 9-10, 14-15, 24-25, 149:1-3, 6, 10-11, 16-17, 19-22, 153:4, 6-8, 12-14, 23, 25, 154:1, 155:16-19, 23-25. | |

**G. ECF No. 383**

Tevra filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on June 06, 2024. ECF No. 383. Bayer submitted a declaration. ECF No. 401. Bayer seeks to seal the entirety of two exhibits attached to Tevra's opposition to Bayer's Motion *in Limine* No.3. *Id.* ¶ 2. Bayer writes that the information should be sealed because the documents contain "competitively sensitive business information relating to Bayer's internal business strategy and practices, including Bayer's analysis of the flea and tick market and Bayer's surveying practices and methodology." *Id.* ¶ 4. Bayer argues that the portions are narrowly tailored. *Id.* ¶ 6.

Except as noted below, the Court finds that good cause exists to seal the highlighted portions of the document. *Kamakana*, 447 F.3d at 1179; *see Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court finds that the request is narrowly tailored. Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF 383-1 | Exhibit A – April 30, 2024 Motions in Limine Email | Entire exhibit | **GRANTED** as the documents contain competitively sensitive information relating to Bayer's internal business strategy and practices. *See* ECF No. 401 ¶¶ 4-5. |
| ECF 383-2 | Exhibit B – May 31- June 1, 2024 MIL Filings Email | Entire exhibit | **DENIED** as Bayer has not demonstrated that the information in the attachment is "competitively sensitive," ECF No. 401 at 4, and the request is not narrowly tailored. |

16

**H.      ECF No. 385**

Bayer filed the Administrative Motion to File under Seal on June 06, 2024. ECF No. 385. Bayer seeks to seal selected portions of their Opposition to Tevra's Motion *in Limine* No. 1. ECF No. 385-1. Bayer writes that the information should be sealed because it contains "competitively sensitive business information relating to Bayer's internal business strategy and practices, including Bayer's analysis of the flea and tick market and Bayer's surveying practices and methodology." *Id.* ¶ 4. Bayer argues that the portions are narrowly tailored. *Id.* ¶ 6

The Court finds that good cause does not exist to seal the highlighted portions of the document. *Kamakana*, 447 F.3d at 1179 *see Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 385-3 | Defendant Bayer HealthCare LLC's Opposition to Tevra's Motion in Limine No. 1 to Exclude the Bayer-Commissioned Consumer Study (Bayer's Opposition to Tevra's Motion *in Limine* No. 1") | Highlighted portions at p. 1, lines 3, 4. | **DENIED** for line 3 as as it is already publicly disclosed. ECF No. 360 at 5:9-10. **DENIED** for line 4, as Bayer has not demonstrated that the figure is "competitively sensitive" information. ECF No. 385-1 at ¶¶ 4-5. |

**III. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. ECF No. 366 is GRANTED IN PART AND DENIED IN PART.
2. ECF No. 369 is GRANTED.
3. ECF No. 375 is GRANTED.
4. ECF No. 377 is GRANTED.
5. ECF No. 379 is GRANTED.
6. ECF No. 381 is GRANTED IN PART AND DENIED IN PART.
7. ECF No. 383 is GRANTED IN PART AND DENIED IN PART.
8. ECF No. 385 is DENIED.

All denials are WITHOUT PREJUDICE. Any refiled administrative motion or declaration SHALL be filed no later than **July 17, 2024**. The parties SHALL refile public versions of each filing where the redactions and sealing granted by the Court are narrower than what was redacted in the current public versions by **July 17, 2024,** unless they are filing a renewed sealing motion for any document in that filing.

Dated: June 26, 2024

_____
BETH LABSON FREEMAN
United States District Judge