UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVRA BRANDS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE LLC, et al.,<br><br>    Defendants. | Case No. 19-cv-04312-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS; TERMINATING ADMINISTRATIVE MOTION**<br><br>[Re: ECF Nos. 361, 417, 418] |

Before the court are three administrative motions filed in connection with the parties' motions *in limine*:

1. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  ECF No. 361.
2. Joint Administrative Motion to File Under Seal Order Regarding Motions in Limine. ECF No. 417.
3. Joint Administrative Motion to File Under Seal Order Regarding Motions In Limine. ECF No. 418.

For the reasons described below, the Court rules as follows: the administrative motions at ECF Nos. 361, 418 are GRANTED; the administrative motion at ECF No. 417 is TERMINATED.

I.  **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

*Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c).  *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II. DISCUSSION

### A. ECF No. 361

Tevra filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on May 23, 2024.  ECF No. 361.  Bayer filed a declaration seeking to seal selected portions of the Joint Pretrial Statement.  ECF No. 367.  Bayer writes that the information should be sealed because "highlighted portions of the Order contain highly confidential, sensitive business information relating to Bayer's retailer and licensing agreements and customers. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. If this information were made public, competitors and counterparts would have insight into how Elanco, as successor to Bayer HealthCare LLC, structures its business arrangements, allowing them to modify their own business strategy." *Id.* ¶ 5.  Bayer argues that

the portions are narrowly tailored. *Id.* ¶ 7.

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF 361-3 | Joint Pretrial Statement | Highlighted portions at p. 18, lines 4-5, 7- 10, 12-17, p. 19, lines 2-3, 16-19, 25-28, p. 20, lines 1-4, 7-13 | Granted, as it contains confidential information relating to internal financial and business strategies and pricing. *See* ECF No. 367 ¶¶ 5-6. |

### A.  ECF No. 417

Bayer filed the Joint Administrative Motion to File Under Seal Order Regarding Motions in Limine at ECF No. 417 on July 11, 2024.  Twenty minutes later, Bayer filed what appears to be a corrected administrative motion intended to supersede ECF 417 at ECF No. 418.  As such, the Court TERMINATES ECF No. 417.

### A.  ECF No. 418

The parties filed the Joint Administrative Motion to File Under Seal Order Regarding Motions In Limine on July 11, 2024.  ECF No. 418.  Bayer seeks to seal selected portions of the MIL Order.  ECF No. 418-1.  Bayer writes that the information should be sealed because "highlighted portions of the Order contain competitively sensitive business information relating to Bayer's internal business strategy and practices, including Bayer's analysis of the flea and tick market and Bayer's surveying practices and methodology. This highly confidential information is not publicly known, and its confidentiality is strictly maintained. If this information were made public, competitors and counterparts would have insight into how Elanco, as successor to Bayer

1  HealthCare LLC, structures its business arrangements, allowing them to modify their own
2  business strategy." *Id.* ¶ 4. Bayer argues that the portions are narrowly tailored. *Id.* ¶ 6.
3       The Court finds that compelling reasons exist to seal the highlighted portions of the
4  document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1
5  (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under
6  "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG,
7  2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential
8  business information" in the form of "business strategies" sealable under the compelling reasons
9  standard). The Court also finds that the request is narrowly tailored.
10      The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
|  | Order Regarding Motions in Limine | Highlighted portions at p. 9, lines 26, 27; p. 10, line 2. | Granted, as it contains competitively sensitive information relating to Bayer's internal business strategy and practices. See ECF No. 418-1 ¶¶ 4-5. |

**III.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. ECF No. 361 is GRANTED.

2. ECF No. 417 is TERMINATED.

3. ECF No. 418 is GRANTED.

The parties SHALL refile public versions of each filing where the redactions and sealing granted by the Court are narrower than what was redacted in the current public versions by **July 24, 2024**.

Dated: July 17, 2024

_____
BETH LABSON FREEMAN
United States District Judge