# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

TEVRA BRANDS LLC,

    Plaintiff,

v.

BAYER HEALTHCARE LLC, et al.,

    Defendants.

Case No. 19-cv-04312-BLF

**VERDICT FORM**

We, the jury, unanimously find as follows:

I.  **Market Definition – Sherman Act, Section 2 and Clayton Act, Section 3**

    1. Did Tevra Brands, LLC ("Tevra") prove, by a preponderance of the evidence and in accordance with the instructions given to you, that the relevant antitrust market is topical imidacloprid flea and tick products for dogs and cats in the United States?

        Yes \_\_\_\_\_ ("Yes" is a finding for Tevra)

        No  _X_  ("No" is a finding for Bayer)

**If you answered "Yes" to Question 1, proceed to Question 2.**

**If you answered "No" to Question 1, do not answer any further questions. Proceed to the last page to date and sign the form.**

II.  **Clayton Act, Section 3**

    2. Did Tevra prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Bayer possessed market power in the relevant antitrust market?

        Yes \_\_\_\_\_ ("Yes" is a finding for Tevra)

        No \_\_\_\_\_ ("No" is a finding for Bayer)

**If you answered "Yes" to Question 2, proceed to Question 3.**

**If you answered "No" to Question 2, do not answer any further questions. Proceed to the last page to date and sign the form.**

3. Did Tevra prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Bayer's contracts for the sale of imidacloprid topical flea and tick products constituted de facto long term exclusive dealing contracts?

   Yes _____ ("Yes" is a finding for Tevra)

   No _____ ("No" is a finding for Bayer)

**If you answered "Yes" to Question 3, proceed to Question 4.**

**If you answered "No" to Question 3, do not answer Questions 4-6, and proceed to Question 7.**

4. Did Tevra prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Bayer's de facto long term exclusive dealing contracts substantially foreclosed competition in the relevant antitrust market?

   Yes _____ ("Yes" is a finding for Tevra)

   No _____ ("No" is a finding for Bayer)

**If you answered "Yes" to Question 4, proceed to Question 5.**

**If you answered "No" to Question 4, do not answer Questions 5-6, and proceed to Question 7.**

5. Did Tevra prove, by a preponderance of the evidence and in accordance with the instructions given to you, that the competitive harms associated with Bayer's de facto long term exclusive dealing contracts outweigh the competitive benefits?

   Yes _____ ("Yes" is a finding for Tevra)

   No _____ ("No" is a finding for Bayer)

**If you answered "Yes" to Question 5, proceed to Question 6.**

**If you answered "No" to Question 5, do not answer Question 6, and proceed to Question 7.**

6. Did Tevra prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Bayer's de facto long term exclusive dealing contracts caused Tevra to suffer antitrust injuries to its business or property between June 19, 2017 and July 31, 2020?

   Yes _____ ("Yes" is a finding for Tevra)

   No _____ ("No" is a finding for Bayer)

**Proceed to Question 7.**

### III.    Sherman Act, Section 2

7. Did Tevra prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Bayer possessed monopoly power in the relevant antitrust market?

   Yes _____ ("Yes" is a finding for Tevra)

   No _____ ("No" is a finding for Bayer)

**If you answered "Yes" to Question 7, proceed to Question 8.**
**If you answered "No" to Question 7, proceed to Question 10.**

8. Did Tevra prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Bayer willfully maintained monopoly power through anticompetitive acts or practices in the relevant antitrust market?

   Yes _____ ("Yes" is a finding for Tevra)

   No _____ ("No" is a finding for Bayer)

**If you answered "Yes" to Question 8, proceed to Question 9.**
**If you answered "No" to Question 8, proceed to Question 10.**

9. Did Tevra prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Bayer's willful maintenance of monopoly power caused Tevra to suffer antitrust injuries to its business or property between June 19, 2017 and July 31, 2020?

    Yes _____ ("Yes" is a finding for Tevra)

    No _____ ("No" is a finding for Bayer)

**If you answered "Yes" to Question 6 or Question 9, proceed to Question 10.**

**If you answered "No" to Question 6 and Question 9, do not answer Question 10. Proceed to date and sign the form below.**

IV.  **Damages**

**Please only answer Question 10 if you've answered "Yes" to either Question 6 or Question 9.**

10. What is the total amount of damages that Tevra has proved by a preponderance of the evidence that Bayer caused Tevra between June 19, 2017 and July 31, 2020?

    $_____

**Please date and sign below.**

Presiding Juror: *HANS-THEO JUNGEBLUT*

Dated: *08/01/2024*

-4-