UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVRA BRANDS LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BAYER HEALTHCARE LLC, et al.,<br><br>　　　　Defendants. | Case No.  19-cv-04312-BLF<br><br>**ORDER GRANTING ADMINSTRATIVE MOTIONS; DENYING ADMINISTRATIVE MOTIONS**<br><br>[Re: ECF Nos. 422, 427, 428, 430, 449, 453, 459] |

Before the court are seven administrative motions filed in connection with the parties' trial briefs:

1. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 422.
2. Administrative Motion to File Under Seal. ECF No. 427.
3. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 428.
4. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 430.
5. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 449.
6. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 453.
7. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 459.

1  For the reasons described below, the Court rules as follows: the administrative motions at ECF Nos. 422, 427, 449, and 459 are GRANTED; the administrative motions at ECF No. 428, 430, and 453 are DENIED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

\\
\\

## II. DISCUSSION

### A. ECF No. 422

Bayer filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on July 15, 2024. ECF No. 422. Tevra submitted a declaration seeking to seal selected portions of certain trial exhibits and deposition transcripts. ECF No. 455. Tevra writes that the information should be sealed because "confidential terms offered to named retailers Tevra targeted, financial information such as profit estimates, projections, and financing decisions, internal communications regarding business strategy and predictions, agreements with named entities, and competitive strategy including Tevra's comparisons with competitors." *Id.* ¶ 3. Tevra argues that the portions are narrowly tailored. *Id.* ¶ 4.

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| | Trial Exhibit 2130 | Entire Exhibit | Granted, as it contains terms offered to named retailers as part of Tevra's offer to contract to sell generic imidacloprid topicals. |
| | Trial Exhibit 2133 | Entire Exhibit | Granted, as it contains financial information. like profit projections, terms offered to named retailers as part of Tevra's offer to contract to sell generic imidacloprid topicals, and confidential business strategy. |

|   | Trial Exhibit 2319) | Entire Exhibit | Granted, as it contains internal communications regarding competitive strategy and updates. |
|---|---|---|---|
|   | Trial Exhibit 2305) | Entire Exhibit | Granted, as it contains internal communications regarding competitive strategy and updates. |
|   | Asimow Decl. Exhibit O (Shaddy Depo) | 213:13-214:11, 214:18-19, 214:22-25; 215:1-13, 16-17; 216:1-2, 5-8, 11-12, 15-24; 217:1-5, 19-25; 218:1 -13, 20-25; 219:1-6. | Granted, as it contains internal business strategy and projections regarding possible sales with named retailers. |
|   | Asimow Decl. Exhibit P (Stichler Depo) | 127: 1-19. | Granted, as it discusses source of Tevra's sales projections. |
|   | Asimow Decl. Exhibit R (Scharf Depo) | 41:9-17; 117:1-3,6-8,20-25; 118:1-9; 119:19-21, 24-25; 154:24; 155:23; 156:8; 159:19-25. | Granted, as it contains Tevra's internal financial decisions and figures for money invested. Discussion of Tevra's confidential marketing and business strategy, and agreements with named entities. |

### A. ECF No. 427

Bayer filed the Administrative Motion to File Under Seal on July 15, 2024. ECF No. 427. Bayer seeks to seal selected portions of its trial brief, writing that the information should be sealed because "portions of the brief contain confidential, highly sensitive information regarding Bayer's retailer agreements, customers, and marketing strategies." *Id.* ¶ 7. Bayer argues that the portions are narrowly tailored. *Id.* at 2.

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

\\

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
|  | Defendant Bayer HealthCare LLC's Trial Brief | Highlighted portions at p. 1, line 5; p.3, line 24; p.4, lines 8-10, 12, 16; p.6, lines 7-8; p.7, line 21; p.10, lines 2, 4, 6-8, 10, 14-15, 19, 21. | Granted, as it contains confidential information relating to Bayer's retailer agreements, customers, and marketing strategies. See ECF No. 427-1 ¶¶ 3-4 |

### A. ECF No. 428

Bayer filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on July 15, 2024. ECF No. 428. Tevra has not submitted a corresponding declaration. As such, the administrative motion is DENIED.

### A. ECF No. 430

Tevra filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on July 15, 2024. ECF No. 430. Bayer has not submitted a corresponding declaration. As such, the administrative motion is DENIED.

### A. ECF No. 449

Bayer filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on July 19, 2024. ECF No. 449. Tevra submitted a declaration seeking to seal selected portions of the trial brief. ECF No. 463. Tevra writes that the information should be sealed because "highlighted portions of the Motion include confidential discussions between Tevra, and a named retailer Tevra dealt with." *Id.* ¶ 3. Tevra argues that the portions are narrowly tailored. *Id.* ¶ 4.

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| | Bayer HealthCare LLC's Motion in Limine to Admit Adoptive Admissions | Highlighted portions at p. l, lines 2-4, 8, 14, 26; p.2, lines 1-3, 5-8, 14-16, 18-20, 22, 24-25, 27-28; p.3, lines 1, 11-12, 22. | Granted, as it contains highly confidential information regarding communications and business decisions with named retailers. |

### A.   ECF No. 453

Bayer filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on July 22, 2024.  ECF No. 428.  On July 29, 2024, Tevra submitted a declaration stating that it does not seek any redactions.  ECF No. 465.  As such, the administrative motion is DENIED.

### A.   ECF No. 459

Bayer filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on July 23, 2024.  ECF No. 459.  Tevra submitted a declaration seeking to seal selected portions of Bayer's motion to exclude.  ECF No. 467.  Tevra writes that the information should be sealed because "highlighted portions of the Motion include confidential discussions between Tevra, and a named retailer Tevra dealt with."  *Id.* ¶ 3.  Tevra argues that the portions are narrowly tailored.  *Id.* ¶ 4.

The Court finds that compelling reasons exist to seal the highlighted portions of the document.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

\\
\\
\\

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| | Bayer HealthCare LLC's Motion to Exclude Testimony Regarding Efficacy and Safety | Highlighted portions at p. 2 line 22-23; p. 3 line 12. | Granted, as it contains highly confidential information regarding communications to named retailers regarding marketing and comparison of Tevra's product, and the names of those retailers. |

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. ECF No. 422 is GRANTED.

2. ECF No. 427 is GRANTED.

3. ECF No. 428 is DENIED.

4. ECF No. 430 is DENIED.

5. ECF No. 449 is GRANTED.

6. ECF No. 453 is DENIED.

7. ECF No. 459 is GRANTED.

All denials are WITHOUT PREJUDICE. Any refiled administrative motion or declaration SHALL be filed no later than **August 13, 2024**. The parties SHALL refile public versions of each filing where the redactions and sealing granted by the Court are narrower than what was redacted in the current public versions by **August 20, 2024**, unless they are filing a renewed sealing motion for any document in that filing.

Dated: August 6, 2024

_____
BETH LABSON FREEMAN
United States District Judge

7