UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVRA BRANDS LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BAYER HEALTHCARE LLC, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-04312-BLF<br><br>**ORDER GRANTING ADMINSTRATIVE MOTIONS**<br><br>[Re: ECF Nos. 428, 430] |

Before the court are two administrative motions filed in connection with the parties' trial briefs:

1. Bayer's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 428.

2. Tevra's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 430.

The Court previously denied both motions without prejudice because the designating parties did not file declarations seeking to seal the information. Since then, both parties have filed declarations. For the reasons described below, the administrative motions at ECF Nos. 428 and 430 are GRANTED.

**I.　LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

1  *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to
2  motions that are "more than tangentially related to the underlying cause of action" bear the burden
3  of overcoming the presumption with "compelling reasons" that outweigh the general history of
4  access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d
5  1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

6        Records attached to motions that are "not related, or only tangentially related, to the merits
7  of a case," however, are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809
8  F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to
9  court records attached only to non-dispositive motions because those documents are often
10 unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving to seal
11 the documents attached to such motions must meet the lower "good cause" standard of Rule
12 26(c).  *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This standard
13 requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the
14 information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
15 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated
16 by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins.*
17 *Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II. DISCUSSION

### A. ECF No. 428

Bayer filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on July 15, 2024.  ECF No. 428.  Tevra submitted a declaration seeking to seal selected portions of the trial brief.  ECF No. 491.  Tevra writes that the information should be sealed because "portions include highly confidential discussions between Tevra and a named retailer Tevra dealt with, profit and loss figures, sales figures, internal discussion regarding competitors, and discussions about products that would otherwise not be available to the public."  *Id.* ¶ 3.  Tevra argues that the portions are narrowly tailored.  *Id.* ¶ 4.

The Court finds that compelling reasons exist to seal the highlighted portions of the document.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1

(N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 428-2 | Defendant Bayer HealthCare LLC's Trial Brief | Highlighted portions at p. 1, lines 12, 15; p. 4, lines 20, 22; p. 5, lines 27-28; p. 6, lines 1-2; p. 11, lines 15-21; p. 12, lines 2-13, 16-19. | Granted, as it contains highly confidential information regarding profits and losses (p. 1 ), sales figures (p. 1, 4 ), internal communications regarding competitors and competitive analysis (p. 5, p. 6, p. 11 ), and communications to named retailers regarding marketing and Tevra's product (p. 11, p. 12). |

### A.   ECF No. 430

Tevra filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on July 15, 2024.  ECF No. 430.

Bayer submitted a declaration seeking to seal selected portions of the trial brief.  ECF No. 493.  Bayer writes that the information should be sealed because the "highlighted portions of the brief contain highly confidential, sensitive business information relating to Bayer's customers, marketing strategies, and pricing strategies."  *Id.* ¶ 3.  Bayer argues that the portions are narrowly tailored.  *Id.* ¶ 6.

The Court finds that compelling reasons exist to seal the highlighted portions of the document.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 430-2 | Plaintiff Tevra Brands, LLC's Trial Brief | Highlighted portions at p. 1, lines 25-26; p.3, lines 26-27; p.4, lines 1-5, 10-16, 26; p.5, lines 1-7, 19, 21- 28 | Granted, as it contains confidential information relating to Bayer's customers, marketing strategies, and pricing strategies. *See* ECF No. 493 ¶¶ 3-4. |

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. ECF No. 428 is GRANTED.

2. ECF No. 430 is GRANTED.

The parties SHALL refile public versions of each filing where the redactions and sealing granted by the Court are narrower than what was redacted in the current public versions by **September 20, 2024**.

Dated: August 22, 2024

_____
BETH LABSON FREEMAN
United States District Judge