UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVRA BRANDS LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BAYER HEALTHCARE LLC, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-04312-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**<br><br>[Re: ECF No. 507] |

Following trial, a jury found Plaintiff Tevra Brands LLC ("Plaintiff") had failed to prove, by a preponderance of the evidence, that the relevant antitrust market for topical flea and tick medications was limited to imidacloprid topicals. ECF 485. Plaintiff moves for a new trial pursuant to Federal Rule of Civil Procedure 59. ECF 507. The motion is opposed by Defendant Bayer Healthcare LLC ("Defendant"). ECF 516. On January 13, 2025, the Court found the Motion for New Trial suitable to be determined without oral argument and vacated the January 16, 2025, hearing. ECF 522. After considering the moving and responding papers and the relevant record, the Court DENIES Plaintiff's Motion for New Trial for the reasons discussed below.

**I.　BACKGROUND**

Plaintiff filed this antitrust action against Defendant in July 2019, alleging that Defendant's sale of name brand Advantage and Advantix topical flea and tick treatments for cats and dogs with the active ingredient imidacloprid violated antitrust laws. ECF 1, ¶¶ 1–2, 7. Plaintiff asserted three claims: (1) violation of Section 1 of the Sherman Act (exclusive dealing), (2) violation of Section 2 of the Sherman Act (maintenance of a monopoly), and (2) violation Section 3 of the Clayton Act (exclusive dealing). *Id.*, ¶¶ 146-65. All three claims were tried to a jury. *See* ECF 472, Trial Tr. at 168:11-18.

1    On July 19, 2024, trial began; it lasted for nine days. *See* ECF 452, 457, 461, 462, 464, 478, 479, 481, 484. On July 30, 2024, Plaintiff withdrew and moved to dismiss its claim (1) for violation of Section 1 of the Sherman Act (exclusive dealing), and the Court dismissed that claim. ECF 477, Trial Tr. at 1262:21-1263:4. On August 1, 2024, the jury returned a verdict as to Plaintiff's Claims 2 and 3. *See* ECF 485 (Jury Verdict). The jury found for Defendant on both claims. *See id.* As for the market definition, the jury answered "No" to the following question: "Did Tevra Brands, LLC ("Tevra") prove, by a preponderance of the evidence and in accordance with the instructions given to you, that the relevant antitrust market is topical imidacloprid flea and tick products for dogs and cats in the United States?" *See id.* On the same day, the Court entered Judgment. ECF 487.

## II.   LEGAL STANDARD

Under Federal Rules of Civil Procedure 59, a court "may, on motion, grant a new trial on all or some of the issues." Fed. R. Civ. P. 59(a). A court may grant a new trial "if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000)). A judge should only grant a new trial if she "is left with the definite and firm conviction that a mistake has been committed." *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-72 (9th Cir. 1987) (quoting 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2806, at 48-49 (1973)).

District courts have broad discretion in admitting or excluding evidence. *See Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995). A new trial is warranted when the "erroneous inclusion or exclusion of evidence in the underlying proceeding prejudices a party's right to a fair trial." *Dorn v. Burlington N. Santa Fe R.R. Co.*, 397 F.3d 1183, 1189 (9th Cir. 2005). However, "[a] new trial is only warranted when an erroneous evidentiary ruling 'substantially prejudiced' a party." *Ruvalcaba*, 64 F.3d at 1328 (citing *United States v. 99.66 Acres of Land*, 970 F.2d 651, 658 (9th Cir. 1992)). "Ultimately, the district court can grant a new trial under Rule 59 on any ground necessary to prevent a miscarriage of justice." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 842 (9th Cir. 2014).

### III. DISCUSSION

In its motion for a new trial, Plaintiff asserts that the jury verdict "was subjected to a prejudicial evidentiary mistake." ECF 507 at 1. First, Plaintiff argues that the Court should have excluded the opinion and testimony of Defendant's expert Dr. Celeste Saravia ("Dr. Saravia") under *Daubert v. Merrell Dow Pharm., Inc.*, 508 U.S. 579 (1993). *Id.* Second, Plaintiff contends that the Court improperly admitted a 2019 study titled "Willingness to Pay Study" ("Willingness to Pay Study"), which was relied upon by Dr. Saravia in her opinion on relevant antitrust market. Plaintiff had objected in its motion *in limine* and at trial. *Id.*

In response, Defendant argues that the Court correctly denied both Plaintiff's prior *Daubert* motion to exclude portions of Dr. Saravia's testimony and Plaintiff's prior motion *in limine* to exclude the Willingness to Pay Study. ECF 516 at 1. Defendant further argues that Plaintiff has failed to show the alleged errors prejudiced its right to a fair trial. *Id.* Applying Rule 59 standards, the Court concludes that Plaintiff has failed establish grounds for a new trial.

#### A. Denial of *Daubert* Motion Re Dr. Saravia

Plaintiff argues that the Court erred in its *Daubert* analysis which denied Plaintiff's request to exclude Dr. Saravia's opinion on relevant market. ECF 507 at 4-5. Specifically, Plaintiff argues that the Court erred by admitting Dr. Saravia's market definition testimony because her opinions were not based on a properly conducted SSNIP test. *Id.* at 5. Plaintiff argues that the Court erred by conflating the broader Hypothetical Monopolist Test with the "small but significant and non-transitory increase in the price" ("SSNIP") test, which the jury must consider in evaluating relevant market. *Id*. According to Plaintiff, the SSNIP test is a quantitative test that requires empirical analysis, and only its expert, Dr. Paul Wong ("Dr. Wong"), properly conducted the SSNIP test. *Id.* at 3-4. Plaintiff contents that, because Dr. Saravia only performed a qualitative analysis concerning consumer switching behavior, her opinion is irrelevant to the SSNIP question at the wholesale level, and thus, her opinion should not be admitted to challenge Dr. Wong's testimony on relevant market. *Id.* at 4-5. Plaintiff also requests the Court to conduct a post-verdict *Daubert* analysis. *Id.* at 7-8.

In response, Defendant argues that Plaintiff has not offered any "new arguments regarding the admissibility of Dr. Saravia's testimony that were not already considered before." ECF 516 at

2. Specifically, Defendant argues that in its *Daubert* order the Court found that "a defendant has no responsibility to put forth a market definition," but may present evidence to rebut Plaintiff's expert by challenging his methodology or ultimate conclusion. ECF 516 at 3 (citing ECF 360 at 3). Defendant further contends that, as permitted by this Court and other courts, Dr. Saravia properly pointed to both qualitative and quantitative evidence at trial to support a broader market definition than that proposed by Dr. Wong. ECF 516 at 3 (citing *FTC v. Meta Platforms Inc.*, 654 F. Supp. 3d 892, 912 (N.D. Cal. 2023)).

The Court finds that Plaintiff's arguments were previously fully considered and rejected by the Court in its *Daubert* analysis. ECF 360. In its *Daubert* order, the Court examined the evidence considered by Dr. Saravia, evaluated Dr. Saravia's analysis of the evidence and found Plaintiff had not identified any error "so facially wrong" to warrant exclusion. ECF 360 at 3-9. The Court concluded that Plaintiff's arguments were properly directed to cross examination. *Id.* at 5. To the extent that Plaintiff requests the Court to undertake a post-verdict *Daubert* analysis in light of Dr. Saravia's testimony at trial, the Court finds that the request is inappropriate here. *See* ECF 507 at 7-8 (citing *In re: NFL "Sunday Ticket" Antitrust Litig.*, No. ML 15-02668 PSG (SKX), 2024 WL 3628118, at *3 (C.D. Cal. Aug. 1, 2024)). In *In re: NFL "Sunday Ticket" Antitrust Litig.*, the court conducted post-verdict *Daubert* analysis and found two experts' testimony should be excluded under FRE 702 because their testimony at trial suggested that their but-for-world models were "not products of sound methodologies." 2024 WL 3628118, at *3. Unlike that case, here, the Court has reviewed Dr. Saravia's testimony at trial and has not found anything that suggests her methodology is excludable.

The Court concludes that Plaintiff has not presented any basis for reconsideration of the *Daubert* ruling regarding Dr. Saravia.

### B. Admission of the Willingness to Pay Study

The Court previously denied Plaintiff's motion *in limine* No. 1 to exclude the Willingness to Pay Study. ECF 441. At trial, the Court again overruled Plaintiff's objection to admit the Willingness to Pay Study into evidence. ECF 473 at 428:11-14.

Plaintiff argues that the Court erred in denying its motion *in limine* No. 1 to exclude the

4

Willingness to Pay Study and in overruling its objection on the same grounds at trial. ECF 507 at 6. Plaintiff contends that the Willingness to Pay Study was neither a survey nor was it conducted in 2019. *Id.* Plaintiff contends that the Willingness to Pay Study was irrelevant under Federal Rules of Evidence 401 and confused the jury under Federal Rules of Evidence 403 ("Rule 403") because it concerned consumers' purchasing behavior, not the behaviors of retailers or distributors. *Id.* According to Plaintiff, the consumer substitution shown in the Willingness to Pay Study was the result of Defendant's monopoly pricing. *Id.* Plaintiff further contends that the Willingness to Pay Study constitutes inadmissible hearsay because Defendant "proffered no witness with first-hand knowledge of the study's compilation." *Id.* In response, Defendant argues that Plaintiff's arguments were properly rejected by the Court in its Order on Plaintiff's motion *in limine*, and Plaintiff has not provided any basis for the Court to reconsider its ruling. ECF 516 at 4-6.

The Court finds that Plaintiff's arguments were previously fully considered and rejected in the Court's Order on its motion *in limine* No. 1 to exclude the Willingness to Pay Study. *See* ECF 441. In the Court's Order denying Plaintiff's motion *in limine* No.1, the Court first noted the data contained in the Willingness to Pay Study was collected in 2016 and directed Defendant to make it clear to the jury at trial. ECF 441 at 2. Second, the Court rejected Plaintiff's arguments under Rule 403 because the Court found that the Willingness to Pay Study would be "directly relevant to the jury's consideration of the relevant product market." ECF 441 at 4. Indeed, Plaintiff's unobjected jury instructions stated that "the relevant product market includes the products that a *consumer* believes are reasonably interchangeable or reasonably substitutes for each other." ECF 482, Jury Instruction, at 23 (emphasis added). Lastly, the Court admitted the Willingness to Pay Study as non-hearsay and/or business record. ECF 441 at 5.

Having reviewed the prior order, Plaintiff's arguments in this motion and the evidence admitted at trial, the Court concludes that there was no error. The Court concludes that Plaintiff has not presented any basis for reconsideration of its ruling on Plaintiff's motion *in limine* No. 1 with respect to the Willingness to Pay Study.

**C.  Plaintiff Has Failed to Show that It Was Prejudiced.**

"A trial court may 'grant a new trial only if the verdict is contrary to the clear weight of the

5

evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.'" *Bright Harvest Sweet Potato Co., Inc. v. H.J. Heinz Co., L.P.*, 760 F. App'x 537, 540 (9th Cir. 2019) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). Plaintiff argues that the "only reasonable inference to be drawn from" the jury's verdict in favor of Defendant is that "the jury was misled and confused about" the SSNIP test. ECF 507 at 3. Plaintiff contends that the jury's confusion originates from "Dr. Saravia's improper opinions and testimony and the materials on which she relied." *Id.* In response, Defendant argues that Plaintiff has failed to establish that it was prejudiced because the jury was free to reject Dr. Wong's analysis and Plaintiff has failed to show how the result would have been different in light of other evidence admitted at trial. ECF 516 at 6-10.

At trial, Plaintiff had ample opportunity to present evidence to the jury, consistent with the jury instructions given by the Court, to prove relevant market for topical imidacloprid flea and tick products in the United States. Nonetheless, the jury was free to consider all evidence admitted at trial. The jury found that Plaintiff had failed to meet its burden to prove relevant market existed. For example, Dr. Saravia testified at trial that she did "not agree with [Dr. Wong's] conclusion that Bayer actually increased prices by a SSNIP." ECF 476, Trial Tr. at 1214:15-17; *see id.* at 1215:13-20 (explaining that Dr. Wong ignored the fact that Defendant's price actually decreased in three out of five years between 2011-16), 1215:25-1216:15 (explaining that the price increase was 3.1% after adjusted for inflation, and was below the 5% SSNIP benchmark), 1216:18-1217:19 (explaining Dr. Wong had failed to recognize that Defendant's discounts had increased over time); 1217:20-1218:3 (explaining that the price increase was 2.8% after net prices were corrected); 1218:7-17; 1218:22-1220:17. At trial, Defendant also offered evidence that consumers perceived imidacloprid and fipronil topicals were interchangeable and that there were other competitors, such as Frontline, for topical products. *See, e.g.,* ECF 497, Trial Ex. 79 at Slides 10-11, 22. Trial Ex. 42 at 86, Trial Ex. 514 at Slide 7; ECF 473, Trial Tr. at 414:22-24, 421:2-423:4, 434:5-435:18; ECF 474, Trail Tr. 642:3-5, 758:4-10, 767:5-11; ECF 475, Trial Tr. 820:14-17, 821:10-20, 934:19-22. This evidence was not objected by Plaintiff, and the Court finds that this evidence alone was sufficient to support the verdict. The Court further agrees with Defendant that the jury was free to reject Dr. Wong's

SSNIP analysis.

Thus, the Court concludes that a new trial is not warranted to prevent a miscarriage of justice.

## IV. ORDER

For the foregoing reasons, Plaintiff's Motion for New Trial is DENIED.

**IT IS SO ORDERED.**

Dated: January 21, 2025

BETH LABSON FREEMAN
United States District Judge