# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| TEVRA BRANDS LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>BAYER HEALTHCARE LLC, et al.,<br><br>   Defendants. | Case No. 5:19-cv-04312-BLF<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT'S MOTION FOR REVIEW OF THE CLERK'S TAXATION OF COSTS**<br><br>[Re: ECF No. 531] |

Before the Court is Defendant Bayer Healthcare LLC's ("Bayer's") motion for review of the Clerk's taxation of costs. ECF No. 531 ("Mot."); *see also* ECF No. 533 ("Reply"). Plaintiff Tevra Brands LLC ("Tevra") opposes the motion. *See* ECF No. 532 ("Opp."). The Court finds the motion suitable for adjudication without oral argument and VACATES the hearing set for January 29, 2026. *See* Civ. L.R. 7-1(b).

For the reasons described below, the Court GRANTS-IN-PART and DENIES-IN-PART Bayer's Motion.

## I.  BACKGROUND

As the prevailing party in this private antitrust suit, Bayer filed a Bill of Costs on August 15, 2024. ECF No. 494 ("Bill"). Bayer also filed an attached declaration from Daniel B. Asimow, counsel of record for Bayer, and invoices reflecting costs. ECF No. 494-1 ("Asimow Decl."); *see also* ECF Nos. 494-2–494-11. Bayer sought to recover six categories of costs, totaling $1,266,238.44: (1) $23,568.65 for trial and hearing transcripts, (2) $55,355.40 for deposition transcripts and recordings, (3) $1,094,529.71 for e-discovery costs, (4) $44,654.32 for trial exhibits, (5) $31,645.59 for visual aids, and (6) $16,484.77 for witness expenses. Bill at 1–2. Tevra filed Objections to Bayer's Bill of Costs on August 29, 2024, in which it admitted Bayer's

entitlement to costs of $45,666.05. ECF No. 506 ("Objs.").

On September 2, 2025, the Clerk of the Court taxed costs in the amount of $45,666.05, including (1) $0.00 for trial and hearing transcripts, (2) $18,424.85 for deposition transcripts and recordings, (3) $145 for e-discovery costs, (4) $10,197.66 for trial exhibits, (5) $413.77 for visual aids, and (6) $16,484.77 for witness expenses. ECF No. 528 ("Order"), at 1–2. Bayer moves for the Court to review the Clerk's calculation of costs for the first five categories and order that it is entitled to recover $1,165,217.67.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. Pro. 54(d)(1). The Ninth Circuit has held that Rule 54(d) creates a presumption that the prevailing party in a civil suit will be awarded its taxable costs. *See Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006) ("Under Federal Rule of Civil Procedure 54(d), there is a presumption that the prevailing party will be awarded its taxable costs."). This is a "strong presumption," with a heavy burden on the non-prevailing party to show why taxable costs are not recoverable. *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003). Rule 54 "vests in the district court discretion to refuse to award costs." *Ass'n of Mexican Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). While a district court need not give reasons for awarding taxable costs to the prevailing party, it must "specify reasons" for refusing to award taxable costs to the prevailing party. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

28 U.S.C. § 1920 enumerates the costs that federal courts may assess. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). The Civil Local Rules for the Northern District of California ("Civil Local Rules") set forth additional standards for taxing costs

in this district. Civil Local Rule 54-1(a) provides that the bill of costs "must state separately and specifically each item of taxable costs claimed" and "must be supported by an affidavit . . . that the costs are correctly stated, were necessarily incurred, and are allowable by law." Although there is a strong presumption in favor of awarding taxable costs, the prevailing party bears the initial burden of demonstrating the amount of costs that are taxable under the Civil Local Rules. *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1364–67 (Fed. Cir. 2011) (applying Ninth Circuit law) ("The burden is on the prevailing party to establish the amount of compensable costs and expenses to which they are entitled.").

On a motion for review of costs, the district court reviews the Clerk's determination de novo. *Pac. Coast Bldg. Prods., Inc. v. CertainTeed Gypsum, Inc.*, No. 18-cv-346-LHK, 2019 WL 8137133, at *3 (N.D. Cal. Dec. 5, 2019).

### III. DISCUSSION

#### A. Hearing and Trial Transcripts

Local Civil Rule 54-3(b)(1) provides that "[t]he cost of transcripts necessarily obtained for an appeal is allowable." Bayer requested $23,568.65 in taxable costs pursuant to Civil Local Rule 54-3(b)(1) and 28 U.S.C. § 1920(2) "for trial and key hearing transcripts necessarily obtained for use in this case." Asimow Decl. ¶ 5; Bill at 1. In support of its request, Bayer attached invoices for transcripts of trial proceedings for $21,100.50 and invoices for transcripts of several pretrial hearings totaling $2,468.15. ECF No. 594-2. Tevra disputed Bayer's assertion that the transcript charges were covered by Local Civil Rule 54-3(b)(1). Objs. at 2. The Clerk agreed, denying the transcript costs in their entirety as outside the ambit of Civil Local Rule 54-3. Order at 1.

Bayer now argues that it is entitled to costs for the trial and hearing transcripts because they were necessarily obtained to prepare for Tevra's appeal. Mot. at 3. Tevra responds that the

3

transcripts could not have been necessarily obtained for appeal because Bayer filed its Bill of Costs before Tevra filed its notice of appeal. Opp. at 2. The Court agrees with Bayer that the fact that it filed its Bill of Costs prior to Tevra's notice of appeal does not preclude recovery. *See City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. 08-cv-4575-SI, 2012 WL 177566, at *4 (N.D. Cal. Jan. 23, 2012) (rejecting the same argument). In fact, doing so was necessary to comply with the Civil Local Rules, which require the prevailing party to file a Bill of Costs within 14 days after entry of judgment. Civ. L.R. 54-1(a).

"Courts in the Northern District generally allow for recovery of costs for one copy of the trial transcript." *Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2014 WL 4745933, at *7 (N.D. Cal. Sept. 19, 2014). In any case, the Court sees no reason to depart from the presumption of costs to the prevailing party where, as here, the case involves the type of contentiously litigated proceedings in which "the parties so often made arguments based on the words very recently spoken by participants or by the court" so as to render ordering trial transcripts nearly essential for appeal. *Affymetrix, Inc. v. Multilyte Ltd.*, No. 03-cv-3779-WHA, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005) (internal quotation marks and citation omitted); *see also TransPerfect Global, Inc. v. MotionPoint Corp.*, No. 10-cv-2590-CW, 2014 WL 1364792, at *3 (N.D. Cal. Apr. 4, 2014) (holding that prevailing party was entitled to award of costs for daily transcripts obtained in anticipation of appeal). The Court concludes that Bayer is entitled to costs reflecting the $21,100.50 incurred in obtaining the trial transcript.

The Court also finds that Bayer is entitled to the cost of obtaining transcripts of the hearings of the *Daubert* motion, summary judgment motion, and motion to dismiss the second amended complaint because "major issues related to the disposition of Plaintiff's claims were raised and addressed" at these hearings. *Competitive Techs. v. Fujitsu Ltd.*, No. 02-cv-1673-JCS, 2006 WL 6338914, at *6 (N.D. Cal. Aug. 23, 2006); *see also eBay Inc. v. Kelora Sys., LLC,*

No. 10-cv-4947-CW, 2013 WL 1402736, at *11 (N.D. Cal. Apr. 5, 2013) ("[C]ourts allow costs for transcripts of important hearings."). These transcripts totaled $1,267.20. Asimow Decl. ¶ 6. On the other hand, the Court does not find that Bayer has shown that the cost of obtaining transcripts for other hearings were necessarily obtained for appeal. The Court accordingly finds that Bayer is not entitled for costs associated with obtaining the transcripts for those hearings. *See Apple*, 2014 WL 4745933, at *8; *TransPerfect Global*, 2014 WL 1364792, at *4.

The Court awards $22,767.20 in transcript costs.

### B. Deposition Transcript and Recording

Local Civil Rule 54-3(c)(1) provides that "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable." Bayer requested $55,355.40 in taxable costs "for one transcript and one video recording for each deposition taken in connection with this case." Asimow Decl. ¶ 7; Bill at 1. In support of its request, Bayer attached invoices for the transcription of twenty-two depositions. ECF No. 594-2. Many of these invoices included fees for other services, and Tevra objected that Bayer's invoices demonstrated "double-, triple-, and even quadruple-billing for certain transcripts including charges for rough drafts, real time, and original copies of the transcripts." Obj. at 3 (internal quotation marks omitted). The Clerk allowed $18,424.85 of these costs, disallowing remaining costs as excessive.[1] Order at 1.

Bayer has amended its claimed amount to $40,929.15 to "reduce any additional charges incurred for the use of realtime and delivery of rough draft transcripts." Mot. at 5. Tevra urges that, because Bayer has effectively conceded that its claimed costs were excessive, "[t]he excessive claims made by Bayer should permit the wholesale denial of costs." Opp. at 3. The

---

[1] The Court agrees with Bayer that the Clerk's statutory citation in the Bill of Costs appears to be in error.

Court does not find wholesale denial appropriate and considers the costs associated with each of the depositions taken in this case.

As a preliminary matter, Bayer concedes that it is not entitled to additional costs incurred in relation to the depositions of Jerial Chua, David Zapatero, Jeremy Page, Scott Bauer, Chris Diesel, Denise Winslow, Mason Williams, Thad Howell, Tadas Zolynas, and Craig Reinert. Mot. at 5.

Bayer argues that it is entitled to the fees it incurred to obtain video recordings of certain depositions. Specifically, Bayer argues that it is entitled to costs for (1) appearance fees and videographer fees for the in-person depositions of Monica Tracy, Tami Phillips, Jim Corcuera, and Matthew Wodecki and (2) remote hosting fees for the remote depositions of Aaron Shaddy, Ryan Finstad, Robert Scharf (Feb. 23, 2023), and Olaf Hansen. Mot. at 5. Tevra does not meaningfully contest the argument. "[C]ourts in this district have allowed costs for deposition video recordings where the circumstances of the case warrant duplicate copies of both a videotape and written transcript of a deposition." *Shields v. Fed'n Internationale de Natation*, No. 18-cv-07393-JSC, 2023 WL 8360169, at *2 (N.D. Cal. Nov. 17, 2023) (internal quotation marks omitted). The Court finds that Bayer has adequately demonstrated its entitlement to costs including (1) the $100 appearance fee for in-person depositions, (2) the $150/hour videographer rate for in-person depositions, and (3) the $200/hour hosting rate for remote depositions. *See* ECF No. 594-3. The Court also finds that the reduced fees Bayer seeks in connection with the depositions of Dr. Paul Wong, Dr. Celeste Saravia, and Andrew Richmond, *see* Mot. at 6–7, are allowed and adequately supported by the accompanying declaration, *see* Asimow Decl. ¶ 7.

Bayer also argues that it is entitled to costs incurred for the depositions of Dr. Michele Roberts and the two additional depositions of Mr. Scharf held on July 12, 2024, and on July 19, 2024, for which the Clerk awarded no costs. Mot. at 6. Tevra responds that Bayer is not entitled

6

to any costs incurred for the depositions because Dr. Roberts's deposition was not used at trial and because the additional depositions of Dr. Scharf were requested by Bayer. Opp. at 5. The Court finds that Bayer is entitled to costs for these depositions. The fact that the transcripts were not used at trial does not preclude recovery. *See Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (per curiam); *Ricoh*, 661 F.3d at 1369–70. The Court declines, however, to award "additional fees incurred for a same day expedited transcript" simply because Mr. Scharf's depositions were taken close to trial. Mot. at 6; *see Intermedics, Inc. v. Ventritex, Inc.*, No. 90-cv-20233-JW, 1993 WL 515879, at *3 (N.D. Cal. Dec. 2, 1993), *aff'd sub nom.*, *Intermedics, Inc. v. Ventritex Co. Inc.*, 39 F.3d 1196 (Fed. Cir. 1994) ("The normal practice in the Northern District is to disallow any postage and handling charges that exceed the rate of regular first-class mail plus handling."). The Court awards $313.60 for Dr. Roberts's deposition, $1,085.00 for Mr. Scharf's July 12, 2024, deposition, and $3,587.50 for Mr. Scharf's July 19, 2024, deposition.

The Court awards $39,285.85 in deposition costs.

**C. E-Discovery Costs**

28 U.S.C. § 1920(4) authorizes costs for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The Local Civil Rules interpret the statute to provide that "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." Civ. L.R. 54-3(d)(2). Bayer requested $1,094,529.71 in costs for "e-discovery costs associated with file processing, uploads, and reproducing documents." Asimow Decl. ¶ 10. In support of its request, Bayer attached a list of fees and disbursements from Arnold & Porter Kaye Scholer LLP showing fees associated with uploading and hosting the Tevra-produced documents totaling $76,606.20 and a spreadsheet showing fees and expenses paid to UnitedLex for costs associated with uploading,

7

processing, producing, and hosting Bayer and third-party documents totaling $1,017,923.51. *See* ECF Nos. 594-5, 594-6. Tevra objected that Bayer failed to meet its burden to demonstrate that the costs are recoverable and accused Bayer of "mix[ing] in hundreds of thousands of dollars in costs improperly denominated as generic 'fees' or 'expenses' that are clearly not recoverable." Objs. at 3. The Clerk awarded $145.00, finding that Bayer's supporting documentation did not support the full amount claimed. Order at 1.

Most of the costs Bayer seeks pursuant to 28 U.S.C. § 1920(4) are for fees incurred in electronically hosting documents. Bayer "acknowledges that there is a split of authority" as to whether such costs are taxable but urges that "the better view is to treat [them] as taxable, especially in a case where the documents were numerous due to Tevra's many requests." Reply at 4. The Court disagrees. The Ninth Circuit's decision in *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914 (9th Cir. 2015), is instructive. There, the defendants used e-discovery vendors to assist with responding to discovery requests and were awarded charges for the "reproduction of documents for potential production into a database where they could be viewed" and the "process of reproducing the collection of documents actually being produced for viewing after all the processes necessary to prepare the documents in the required formats and with the required labels have been completed." *Id.* at 929. In holding that these costs were not cognizable under section 1920(4), the Ninth Circuit explained:

> A narrow construction of § 1920(4) requires recognition that the circumstances in which a copy will be deemed "necessarily obtained" for use in a case will be extremely limited. That a chosen "document production process" requires the creation of a copy does not establish that the copy is necessarily obtained for use in the case. A lawyer may review electronically stored information for privilege either by viewing the original documents on the client's computer or, alternatively, by viewing copies uploaded to the lawyer's computer. Although the latter method of review requires the creation of a copy, the ability to conduct the review by looking at the original document establishes that the uploaded copy was not necessarily obtained for use in the case.

8

*Id.* at 929–30. Courts in this district have similarly concluded that such costs are not taxable. *See, e.g.*, *Phoenix Techs. Ltd. v. VMWare, Inc.*, No. 15-cv-01414-HSG, 2018 WL 4700347, at *5 (N.D. Cal. Sept. 30, 2018) ("A narrow construction of the statute requires concluding that costs should be awarded based on what Defendant produced, not on what Defendant uploaded to its e-discovery platform."). To the extent that Bayer urges that the length of the proceedings in this trial rendered e-storage "the most efficient method," Reply at 4, the authority it cites does not support its position here, since, "based on the invoices submitted the Court cannot discern whether these costs involved some intellectual efforts or were part of normal discovery retention performed by attorneys," which are not taxable. *Mendoza v. Lithia Motors, Inc.*, No. 16-cv-01264-AA, 2021 WL 354108, at *5 (D. Or. Feb. 2, 2021).

Bayer seeks other costs incurred for "uploading, processing, and producing documents in a format that is in compliance with the ESI Protocol entered into in this case." Asimow Decl. ¶ 13(a). But as Tevra points out, the exhibits that Bayer included with its Bill of Costs include "hundreds of individual line items for 'detailed hourly fees' or expenses'" that "routinely reflect descriptions . . . of non-taxable costs." Opp. at 7. Although Rule 54 creates a presumption in favor of Bayer as the prevailing party, it still has the obligation to "itemiz[e] its costs with enough detail to establish that each expense is taxable under section 1920." *Plantronics, Inc. v. Aliph, Inc.*, No. 09-cv-01714-WHA, 2012 WL 6761576, at *3 (N.D. Cal. Oct. 23, 2012); *see also Oracle America, Inc. v. Google, Inc.*, No. 10–cv-03561-WHA, 2012 WL 3822129, at *3 (N.D. Cal. Sept. 4, 2012). The Court agrees with the Clerk that under the circumstances Bayer's supporting documentation does not justify the costs it seeks.

The Court awards $145.00 in e-discovery costs.

**D. Trial Exhibits**

Local Civil Rule 54-3(d)(4) provides that "[t]he cost of reproducing trial exhibits is

allowable to the extent that a Judge requires copies to be provided." Bayer requested $44,654.32 for "the expense of printing one set of hard-copy trial exhibits for the Court, and for costs associated with printing trial witness examination binders comprising direct examination and/or cross-examination exhibits in sufficient numbers to provide copies to the witness, the Court, and counsel." Asimow Decl. ¶ 14. In support of its request, Bayer attached an invoice from Digital One Legal Solutions showing fees associated with printing a set of hard-copy trial exhibits totaling $21,983.07 and a list of fees and disbursements from Arnold & Porter Kaye Scholer LLP showing fees associating with compiling trial witness examination binders totaling $22,671.25. *See* ECF Nos. 494-8, 494-9. Tevra objected that these "were voluntary expenses by Bayer for the convenience of counsel and not necessarily incurred for trial or required by the Court." Objs. at 8. The Clerk allowed $10,197.66, finding that the supporting documentation did not support the full amount claimed. Order at 2.

Bayer argues that it is entitled to costs of $15,990.75 for the fees associated with printing hard copy trial exhibits that were jointly submitted in 28 binders to the Court as required by the Court's Standing Order.[2] Mot. at 10. Tevra responds that "tabs" and "binders" are overhead office supplies that are not created for trial and should be absorbed by counsel. Opp. at 12. But the tabs and binds were required to submit the 857 trial exhibits in a form that complied with the Court's Standing Order, which requires that "[b]oth sets of exhibits—the original and the copy—shall be in three-ring binders with the exhibits separated by tabs denoting the exhibit numbers." Standing Order, III.B.3. The Court thus agrees with Bayer that it is entitled to the costs for printing hard copy trial exhibits as required by the Court.

Bayer argues that it is entitled to costs of $22,671.25 for the fees associated with creating

---

[2] Bayer concedes that it is only entitled to costs for one sets of hard copy trial exhibits and withdraws its request for $5,992.32 incurred for the first set. Mot. at 10.

10

trial witness examination binders. Mot. at 10. Tevra responds only that these binders were "excessive for a trial lasting less than two weeks and less than 20 live witnesses." Opp. at 12. The Court disagrees. Courts in this district have held that costs for witness binders are "necessary and allowable." *Golden Bridge Tech., Inc. v. Apple Inc.*, No. 12-cv-4882-PSG, 2015 WL 13427805, at *3 (N.D. Cal. Dec. 21, 2015), *aff'd*, 673 F. App'x 1010 (Fed. Cir. 2017).

The Court awards $38,662.00 in costs for trial exhibits.

### E. Visual Aids

Local Civil Rule 54-3(d)(5) provides that "[t]he cost of preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial." Bayer requested $31,645.59 in costs "for the cost of preparing visual aids (including charts and diagrams) presented to the jury and the Court in this case, which were reasonably necessary to assist the jury in understanding the complex legal and factual issues in this case." Asimow Decl. ¶ 17. In support of its request, Bayer attached an invoice from Fulcrum Legal Graphics, Inc. showing fees paid for preparing trial visuals and an invoice from Digital One Legal Solutions showing fees paid for preparing visual aids used at the summary judgment and *Daubert* hearings. *See* ECF Nos. 494-10, 494-11. Tevra responded that Bayer was improperly seeking costs for non-taxable intellectual effort. Objs. at 11. The Clerk allowed $413.77 in costs, disallowing other costs as excessive.

The Court agrees with Bayer that it is entitled to costs for demonstratives that are "useful and reasonably necessary given the complexity of the issues in this case." *Comput. Cache Coherency Corp. v. Intel Corp.*, No. 05-cv-1766-RMW, 2009 WL 5114002, at *2 (N.D. Cal. Dec. 18, 2009). The Court need not determine whether portions of the invoice describing billing for meetings constitutes nontaxable intellectual effort because Bayer has withdrawn the $3,996.00

11

billed from its request. Mot. at 12.

The Court awards $27,649.59 in costs for visual aids.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Bayer's motion for review of costs is GRANTED-IN-PART and DENIED-IN-PART.

(2) Bayer's award of costs is MODIFIED to $140,652.06.

Dated: January 15, 2026

_____
BETH LABSON FREEMAN
United States District Judge